[No. 4466.   Decided April 3, 1903.]

STANDARD ·FURNITURE COMPANY, *Respondent,* v. CON VAN ALSTINE *et al., Appellants.*

**SALES — VOID CONTRACT — RIGHT OF POSSESSION — ATTACHMENT.**

The fact that a contract for the sale of goods for an immoral purpose was unenforcible would not entitle an attaching creditor of the vendee to hold them as against the vendor, to whom the vendee had surrendered all right and title in the goods.

**SAME — JUDGMENT FOR WRONGFUL REPLEVIN — SATISFACTION.**

A judgment awarding the return of goods or the recovery of their value on account of a wrongful replevy must be deemed satisfied and therefore unenforcible where it appears that the judgment is in favor of an attaching creditor who took the goods under an illegal writ of attachment which was reversed on appeal, and that the attachment debtor had subsequently surrendered all right in the replevied goods to the party who had sued out the writ of replevin.

**SAME — ESTOPPEL TO ASSERT COMMUNITY INTEREST.**

Where a husband procures an attachment sale of goods as the separate property of his wife, he is estopped from setting up a community interest therein as against one subsequently acquiring title through the wife.

Appeal from Superior Court, King County.—HON. BOYD J. TALLMAN, Judge. Affirmed.

*Ballinger, Ronald & Battle* and *Richard Winsor,* for appellants.

*Richard Osborn* and *Preston, Carr & Gilman,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Action in equity to restrain the collection of a judgment at law.    Plaintiff had judgment below. Defendants appeal.

The judgment appealed from restrained the levy of an execution issued upon a judgment of nonsuit in an action for replevin, wherein a judgment was rendered against respondent and in favor of the appellant Van Alstine, for the return of certain goods or their value, $800.    The facts are not disputed and are substantially as follows:    On May 14, 1898, Lou Mehaffey and Emma Norton were conducting a house of prostitution in the city of Seattle.    On that date they purchased a bill of household goods from the Standard Furniture Company, respondent here, under a conditional bill of sale.    The vendees were to pay a certain sum in cash, and monthly payments thereafter until the goods were paid for, the title of the goods to remain in the vendor until the purchase price was fully paid.    At this time Lou Mehaffey was married to a man by the name of Con Van Alstine, but maintained the name of Lou Mehaffey. Her marital relations were not known to the respondent. After the goods were sold, Lou Mehaffey (Van Alstine) brought an action for divorce against her husband.    He appeared in the action, and filed a cross-complaint for divorce against his wife, and prayed judgment therein against her and  Emma Norton and others  for a large amount of money, which he claimed was fraudulently ob-

tained from his possession.  Upon the trial of that cause the court rendered judgment against Lou Mehaffey Van Alstine and Emma Norton for the sum of $30,965.  An appeal was taken from that judgment.  Pending the appeal in this court Con Van Alstine issued an execution on his judgment, and, without notice or knowledge to the Standard Furniture Company, levied upon and sold the goods above referred to in possession of Lou Mehaffey Van Alstine and Emma Norton at sheriff's sale, and became the purchaser himself.  Thereupon, and while the case of *Van Alstine v. Van Alstine* was pending on appeal in this court, the Standard Furniture Company brought an action in replevin against Con Van Alstine for the goods, giving a bond under the statute, and taking possession thereof pending the trial of the cause.  Upon the trial of this last-named cause, it appearing to the trial court that the plaintiff, the Standard Furniture Company, had sold the goods in question to be used for an immoral purpose, the court, upon its own motion, dismissed the case, and entered judgment in favor of the defendant Van Alstine for the return of the goods, or their value, $800. This case was also appealed to this court and the judgment affirmed, July 25, 1900.  *Standard Furniture Co. v. Van Alstine,* 22 Wash. 670 (62 Pac. 145, 51 L. R. A. 889, 79 Am. St. Rep. 960).  Subsequently, and on November 24, 1900, this court reversed the divorce case of *Van Alstine v. Van Alstine,* and ordered the action dismissed for want of jurisdiction in the lower court.  *Van Alstine v. Van Alstine,* 23 Wash. 310 (63 Pac. 243).  The Standard Furniture Company still retained possession of the goods in question, and, prior to the bringing of this action, had a settlement with Lou Mehaffey and Emma Norton, who surrendered to respondent all claim to the goods.  There-

after, and prior to the bringing of this action, Mr. Van Alstine issued an execution on the judgment in the replevin case, and was threatening to collect the sum of $800 from the plaintiff, when the plaintiff brought this action, setting up the facts above stated, and, further, that plaintiff was not a party to the suit of *Van Alstine v. Van Alstine,* and at the time of the trial in the replevin case of *Standard Furniture Co. v. Van Alstine* had no opportunity to plead the invalidity of the judgment in the case of *Van Alstine v. Van Alstine et al.;* that the said judgment was null, and gave the defendant in the replevin case no title or right to the goods or the judgment for $800.

It is conceded that the appellant Van Alstine was and had been a non-resident of this state for a year prior to the time of the trial, and has no property within the jurisdiction of this court; and also that the respondent has "no other or adequate remedy at law or otherwise, for its protection against the threatened acts of the defendants, nor to secure the relief prayed for, except by this action." The appellants here rely largly upon the fact that the immoral nature of the contract by which respondent sold the goods to Lou Mehaffey and Emma Norton deprives respondent of a remedy to relieve itself from the judgment for $800 in the action for replevin, viz., *Standard Furniture Co. v. Van Alstine.* Many authorities are cited to the effect that, where a contract is void as against public policy, it will not be enforced. But these cases are not in point in this action. Respondent is not seeking to enforce that contract. Whether it was a legal or an illegal contract can make no difference here. Respondent is relying upon another contract, which is not against public policy. It is not denied that, after respondent obtained possession

of the goods, a settlement was had between the persons entitled to possession thereof and respondent, by which settlement all the right and interest of Lou Mehaffey and Emma Norton in and to the property was transferred to respondent. If appellant Van Alstine wrongfully obtained the possession of the property from Lou Mehaffey and Emma Norton, the question as to how they came into possession of it, or the purposes for which they purchased it, can make no difference in this case. That transaction is closed. The fact that the contract by which they acquired the property was illegal or void would not justify any person in wrongfully taking the property away from them or in retaining such possession. *McDonald v. Lund*, 13 Wash. 412 (43 Pac. 348).

It is further .claimed by appellant Van Alstine that he has a right to the property from the fact that he was the husband of Lou Mehaffey. It admitted, however, that the only other right of appellant to the property is by virtue of the levy and sale under a judgment which was afterwards reversed by this court. The statute, at § 6526, Bal. Code, provides:

"If by a decision of the supreme court the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of the judgment or order appealed from, either the supreme court or the court below may direct an execution or writ of restitution to issue for the purpose of restoring to the appellant his property, or the value thereof. . . . "

Laying aside for the present the fact that one of the judgment debtors in *Van Alstine v. Van Alstine* was the wife of appellant, it follows from the statute quoted that upon the reversal of the judgment under which the property was sold the judgment creditor who sold and purchased the property at his own sale was bound to return

the property, or the value thereof, to the judgment debtors, and a writ of restitution might have issued therefor, against which no defense could have been interposed. It so happened, however, that when the reversal of the judgment took place, the property which had been wrongfully sold and bought in by the judgment creditor had been wrongfully taken from him under a writ of replevin by the respondent. The judgment debtors, who were Lou Mehaffey and Emma Norton, in the case of *Van Alstine v. Van Alstine,* therefore might have proceeded against Con Van Alstine, appellant here, by execution for the value of the property, or by writ of restitution for the property itself; and, where the property was wrongfully in the hands of respondent, as stated, the owners, from whom the possession was wrongfully taken, might have seized the property in respondent's possession under the writ of restitution. This certainly would have amounted to a satisfaction of the judgment in favor of Van Alstine and against respondent for the return of the property. If the property had been voluntarily returned by the respondent to Con Van Alstine, and by him to the rightful owners, it certainly would not be claimed that Mr. Van Alstine could thereupon have had an execution against respondent for the value of the property, in addition to its return. The effect of such a transaction would be a complete satisfaction of the judgment in favor of Van Alstine against respondent for the return of the property. Freeman, Judgments (4th ed.), § 462; *Hodson v. McConnel,* 12 Ill. 170; *Matter v. Phillips,* 52 Iowa, 232 (3 N. W. 49). If this is true, it follows that the owners of the property entitled to the possession were authorized to go directly to respondent in possession, and receive the property, or otherwise satisfy or release their claim for the return of the property. The

fact of such release or transfer of title and right of possession would operate as a satisfaction of the judgment for its return both by respondent to Van Alstine and by Van Alstine to the owner as much as if Van Alstine had received the property himself and returned it to the owners, for he could receive it only for the purpose of turning it over to the rightful owners. It makes no difference in this case that one of the owners of the property was the wife of appellant. The appellant, when the property was sold treated the wife's interest, whatever it was, as a separate interest of the wife. He sold it and purchased it as such. He cannot now be heard to say that it was not separate property. Furthermore, even if her interest was a community interest, it does not appear what the extent of her interest was. It may have been much or little. It does appear that she and another woman agreed to purchase the property, and that the other woman had some interest in it. The mere fact that appellant's wife has some interest in the property would not authorize the appellant to control the whole property, nor justify this court in reversing the case; especially where it appears that whatever interest the two women had was surrendered prior to the claim of the husband of any community interest therein.

We think the judgment of the lower court should be affirmed, and it is affirmed accordingly.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.