[No. 36103.   Department Two.   March 8, 1962.]

PAUL W. MILLER et al., Respondents, v. KING COUNTY, Appellant.*

* Reported in 369 P. (2d) 304.

*Charles O. Carroll, James J. Caplinger,* and *William L. Paul, Jr.,* for appellant.

*Sullivan, Redman & Winsor,* for respondents.

OTT, J.—June 26, 1890, Henry Bucey and Nellie Bucey, his wife, being then the owners of the land involved in this proceeding, filed a plat of Buenna, King County, Washington, in the office of the county auditor, in which plat the area was divided into lots and blocks. The streets and alleys were dedicated for public use in the following manner:

"Know all men by these presents, that we [here naming the plat owners] . . . have caused the foregoing plat . . . to be made; . . . that the names of all the Streets and Avenues are noted on the plat; . . . that we do hereby donate, grant and dedicate to public use the streets, Avenue, and Alleys shown on said plat. . . ."

None of the dedicated streets, all being outside the limits of any incorporated town, was ever opened for public use.

The admitted facts established that Paul W. Miller and Evelyn S. Miller, his wife, became the owners of the real

estate adjacent to the west half of Cherry Street, "now known as 3rd Ave. S. W. north of S. W. 292nd Street." The west half of Cherry Street, involved herein, is an area 40 feet wide by approximately 350 feet, extending to Puget Sound. John J. Sullivan and Shirlee A. Sullivan, his wife, are contract purchasers from Paul W. Miller and wife.

The owners and the contract purchasers commenced this action against King County to quiet title to the west half of Cherry Street adjacent to their property, and to remove the cloud of the Bucey dedication, contending that the area in question reverted to them by virtue of the automatic vacation of the dedicated street, as provided by Laws of 1889-90, chapter 19, § 32, p. 603.

King County answered the complaint, alleging that, by virtue of the dedication and Code of 1881, chapter 173, § 2329, p. 401 (RCW 58.08.015), it became the owner of the west half of Cherry Street by deed, and, as a second defense, denying that Laws of 1889-90, chapter 19, § 32, applied.

The facts being admitted, defendant moved for summary judgment, and plaintiffs moved for dismissal of defendant's second defense. The trial court denied defendant's motion for summary judgment, struck defendant's second defense, and, from a judgment quieting title to the questioned area in the plaintiffs, the defendant King County appeals.

The cause is here for review on a short record, as provided by Rule on Appeal 34(3), RCW Vol. 0.

Laws of 1889-90, chapter 19, § 32, controls the rights of the parties herein. *Brown v. Olmsted,* 49 Wn. (2d) 210, 299 P. (2d) 564 (1956); *Turner v. Davisson,* 47 Wn. (2d) 375, 287 P. (2d) 726 (1955). RCW 36.87.090, which is the codification of Laws of 1937, chapter 187, § 52, p. 761, is not apropos to this appeal. (Laws of 1937, chapter 187, § 70, p. 778, repealed Laws of 1889-90, chapter 19, § 32, as amended by Laws of 1909, chapter 90, § 1, p. 188.)

The appellant contends that, under the provisions of Code of 1881, chapter 173, § 2329, the plat constituted a conveyance of the dedicated streets to the county.

Code of 1881, chapter 173, § 2329, p. 401 (RCW 58.08.015) provides:

604

"Every donation or grant to the public, or to any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on the plat of the town, or wherein such donation or grant may have been made, shall be considered, to all intents and purposes, as a quit claim deed to the said donee or donees, grantee or grantees, for his, her or their use, for the purposes intended by the donor or donors, grantor or grantors, as aforesaid."

Laws of 1889-90, chapter 19, § 32, p. 603, provided:

"Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time."

By Code of 1881, chapter 173, § 2329, the legislature provided that any donation or grant to the public, noted as such on a plat, shall be considered, to all intents and purposes, as a quitclaim deed to the donee for the purposes intended by the donor. The purpose of the donors, in filing the plat of Buenna, was to grant a described area for use as streets and highways. The grant contained an implied condition that the area be used as a public street. It required the performance of the condition before the grant became operative. See *King Cy. v. Hanson Inv. Co.*, 34 Wn. (2d) 112, 208 P. (2d) 113 (1949); *Wright v. Olsen*, 42 Wn. (2d) 702, 257 P. (2d) 782 (1953); 26 C. J. S., Dedication §§ 63, 64, 65.

Laws of 1889-90, chapter 19, § 32, required county officials, when authorized to open a road on designated property, to do so within five years or their right to build a road thereon would be barred by the lapse of time. By this section, the legislature fixed a statutory time limit within which the county was required to perform the condition of the grant. The legislature thereby prescribed the conditions upon which it would permit the county to accept the dedication of a road. The act provided an incentive to landowners to grant areas for public roads, with the assurance that, if the purpose of the grant was not

accomplished within five years, a reversion of the authority to construct a road would result. *Murphy v. King Cy.*, 45 Wash. 587, 88 Pac. 1115 (1907).

■■ Appellant asserts that the words "donate, grant and dedicate" are words of conveyance. We are not here concerned with the meaning of the words, but, rather, with the intent of the donors when the words were used. To hold that the words of the donors constituted a conveyance such as a quitclaim deed, would vest title to the street in the county for any purpose for which it might elect to use it. Such a construction could defeat the very purpose for which the donors made the dedication or grant. 26 C. J. S. Dedication § 65; see *Ritzman v. Los Angeles*, 38 Cal. App. (2d) 470, 101 P. (2d) 541 (1940).

■ In interpreting the two statutes here in question, the legislature's reference to a quit claim deed in the one must be construed to mean that, if the intent of the donor is accomplished by the donee, the words "donate, grant and dedicate" are to be regarded as a quitclaim deed and divest the donor of all interest in the property. The rules of statutory construction require that statutes be interpreted to give meaning and effect to each, if possible. This construction gives significance to both acts of the legislature. *Olympia State Bank & Trust Co. v. Craft*, 56 Wn. (2d) 546, 354 P. (2d) 386 (1960); *Lindsey v. Superior Court*, 33 Wn. (2d) 94, 204 P. (2d) 482 (1949).

We conclude that, the condition upon which the grant to King County was predicated not having been accomplished within the five-year period following the dedication, the court properly quieted title to the property in respondents, as against King County's claim thereto. *Murphy v. King Cy., supra.*

The judgment is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.