[No. 416-3. Division Three. April 13, 1972.]

ROBERT A. SWAN, *Respondent*, v. CHARLES L. LANDGREN et al., *Appellants.*

*Ted Kolbaba,* for appellants.

*L. Eugene Hanson,* for respondent.

MUNSON, C.J.—The sole question presented by this appeal is: When does the superior court's authority to control its trial calendar begin? We answer: When the complaint is filed or the summons served.

On April 17, 1970 plaintiff commenced a replevin action. On April 29, 1970 defendants filed a notice of appearance. On July 7, 1970 defendants filed a motion for change of judge, disqualifying the resident superior court judge for Klickitat County. On July 15, 1970[1] the Supreme Court

[1] The order assigning a visiting judge to preside over the case was filed in the Supreme Court on July 15, 1970 and received and filed in the Klickitat County Clerk's Office on July 17, 1970.

assigned a judge of the Benton-Franklin judicial district to preside over the case. On January 5, 1971 the appointed judge wrote a letter to defense counsel advising:

My records indicate that no action had been taken on the above cause since July 17, 1970 when the Supreme Court assigned it to a visiting judge. Based on this information it appears that the matter should be disposed of by trial during the next visitation by one of our Benton-Franklin District judges.

Accordingly, the matter is set for Tuesday, January 19th at 9:30 a.m.

Please note that no pleadings other than the complaint, Notice of Appearance, Motion for Change of Judge are on file.

On January 13, 1971 defense counsel responded that the indicated trial date was neither acceptable nor proper since the case was not at issue. The matter came on for hearing January 19, 1971, at which time defendants again advised the court it was improper to set the case for trial when: (1) it was not at issue, CR 40(a)(1); (2) neither party requested a trial setting; or (3) plaintiff had not moved for default, CAROA 55(a)(1).

The trial court held: Defendants had ample notice the matter would come on for *hearing* and *disposition* but failed to remedy this default; consequently, judgment would be granted in plaintiff's favor. Defendants moved for reconsideration. The motion was denied and defendants appealed.

As observed by the Honorable James M. Carter, *Effective Calendar Control—Objectives and Methods,* 29 F.R.D. 227 *et seq.* (1961):[2]

[I]t is fair to say that two divergent lines of thought are generally involved in the problem of judicial administration or control of litigation. One holds that a judge's function is to try cases only, and that it is the responsi-

---

[2]*Cf.* various articles from: Seminar on Procedures for Effective Judicial Administration, 29 F.R.D. 191 at 207 *et seq.* and 271 *et seq.* (1961); Judicial Conference of the Sixth Judicial Circuit of the United States, 50 F.R.D. 319 at 353 *et seq.* (1970); Fox, *Settlement: Helping the Lawyers to Fulfill Their Responsibility,* 53 F.R.D. 129, 131 (1971).

bility of counsel to prepare their cases for trial and get them on calendar.

The other line of thought holds that the function of the judge is not only to try cases, but to actively control his calendar, require preparation, get the case early on the calendar and keep it on the calendar until the case is either dismissed, settled or tried, and thereby avoid calendar congestion.

■ We conclude Washington has adopted the latter approach. Article 4 of the Washington State Constitution defines the jurisdiction of our courts. However, article 4 does not purport to regulate or control the manner in which the courts exercise their respective jurisdictions. As a result, such matters are left for the courts to handle in any lawful manner which the constitution does not directly prohibit. *Daniel v. Daniel*, 116 Wash. 82, 84, 198 P. 728, 27 A.L.R. 177 (1921).

Notwithstanding this inherent power of the court, the legislature historically has passed laws regulating court procedures. However, in 1925 the legislature authorized the Supreme Court to promulgate rules "to promote the speedy determination of litigation on the merits."[3] Since that time the Supreme Court has not only adopted civil and criminal rules of procedure, but has sustained their constitutionality *State ex rel. Foster-Wyman Lumber Co. v. Superior Court* 148 Wash. 1, 267 P. 770 (1928); *White v. Million*, 175 Wash 189, 195, 27 P.2d 320 (1933). Not all the laws governing civil procedure, however, have been superseded by these rules. Therefore, we must examine the Civil Rules for Superior Court and the pertinent statutes to answer the question presented here.[4]

RCW 4.28.020 and CR 3 state in part that a civil action is commenced by the service of a summons or by the filing of a complaint. *Johnson v. Asotin County*, 3 Wn. App. 659, 477 P.2d 207 (1970); *Bethel v. Sturmer*, 3 Wn.

---

[3]Laws of 1925, Ex. Ses., ch. 118, §§ 1, 2, codified in RCW 2.04.190-.200.

[4]The Superior Court of Klickitat County has not promulgated any local rules pursuant to CR 83.

App. 862, 479 P.2d 131 (1970). The statute goes further than the rule, however, and provides that from the time an action is commenced the court "is deemed to have acquired jurisdiction and to have control of all subsequent proceedings." From this statutory language we conclude that the trial court acquires jurisdiction for all purposes, including the power to control its own calendar. The court's exercise of this power, however, is discretionary. When the court does not directly exercise this power, a party, by making the proper application of the court rules, is provided the procedural means to move the case through the various steps toward ultimate determination. RCW 4.44.020; CR 40 (a) (1), (2), and (5).

■ Here neither party utilized any procedure "to secure the just, speedy, and inexpensive determination of every action."[5] The trial court, exercising its discretion, notified counsel "that the matter should be disposed of by trial" on January 19, 1971, although it was not then at issue. In RCW 4.44.010, "trial" is defined as:

> A trial is the judicial examination of the issues between the parties, whether they are issues of law or of fact.

In RCW 4.40.010, an "issue" is defined as:

> Issues arise upon the pleadings when a fact or conclusion of law is maintained by one party and controverted by the other, . . .

There could be no trial in the instant case because it was not at issue.

Thus we conclude that while the trial court had the power to supervise the progression of this case, it could only do so within the framework established by the pleadings as they existed on January 5, 1971, when the court wrote its letter. That letter referred to a trial. We feel the distinction between "default" and "trial" must necessarily be preserved to assure due process of law. By noting the matter for trial, the court exceeded its procedural powers

---

[5] CR 1.

in light of the posture of the case as of January 5, 1971. This action results in an abuse of discretion. *Friedlander v. Friedlander*, 80 Wn.2d 293, 494 P.2d 208 (1972).

However, the court did have the power to (1) order counsel "to appear before it for a conference to consider: . . . Such other matters as may aid in the disposition of the action" (CR 16(a)(5)), or (2) could "make orders for the advancement, conduct, and hearing of actions" (CR 77(k)).[6] Furthermore, had the court advised in its letter that it would grant a default unless an answer had been filed by January 19, 1971, such action would have been within the proper supervisory powers of the court. It need not await a party's motion and affidavit for default pursuant to CR 55(a)(1) to bring a matter before it for consideration of a default. Although the time period contemplated by the court's letter, *i.e.*, January 5 to January 19, was sufficient for the plaintiff to move for default, he failed to do so. The fact that the plaintiff did file his motion for default on January 20, after the court had orally granted a default, is not persuasive. The defendants were notified to be ready for trial, not the taking of a default.

Therefore, the judgment must be reversed. Considering the passage of time that has occurred since the instigation of this appeal, however, defendants are hereby directed to file their answer and include therewith any counterclaims they deem appropriate to the instant action within 10 days after the filing of the remittitur in this case. Should the

---

[6] CR 16(a): "Hearing Matters Considered. By order, or on the motion of any party, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

". . .

"(5) Such other matters as may aid in the disposition of the action."

CR 77(k): "Unless local conditions make it impracticable, the superior court in each county shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as he considers reasonable may make orders for the advancement, conduct, and hearing of actions."

defendants fail to file their answer and counterclaim within that period, they shall be deemed to be in default and judgment may again be entered against them.

The judgment is reversed and the case is remanded to the trial court for action in accordance with this opinion.

GREEN and EVANS, JJ., concur.