[No. 42868.    En Banc.    August 8, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. GARLAND
SPONBURGH *et al., Appellants.*

Clinton, Andersen, Fleck & Glein, James A. Andersen, Ferguson & Burdell, William Wesselhoeft, and John M. Woodley, for appellants.

Christopher T. Bayley, Prosecuting Attorney, and Norman K. Maleng, Chief Civil Deputy, for respondent.

WRIGHT, J.—This is an appeal from a King County Superior Court order releasing certain grand jury evidence after the indictment of several named individuals had been dismissed.

On September 28, 1971, an indictment was returned by the King County grand jury charging appellants Hittle, Hood and Eldridge, present members of the Washington State Liquor Control Board, and appellant Sponburgh, a former member, with offenses in connection with liquor administered over by the liquor board.

After the return of the indictment, on April 30, 1973, the case was assigned to the trial court. On May 29, 1973, respondent, the prosecuting attorney for King County, presented a trial brief to the trial court. Such brief contained some facts derived from the grand jury investigation. On May 30, 1973, appellants moved to quash and suppress the trial brief and for a protective order sealing it.

On June 1, 1973, the trial court, upon appellants' motion entered an order dismissing the indictment against all appellants herein for the following reasons: (1) the grand jury had not been called pursuant to the requirements of RCW 10.27.030; (2) the grand jury lacked jurisdiction over appellants; (3) appellants were accorded immunity under RCW 10.52.090; and (4) the indictment was unconstitutionally vague. No appeal was taken from that order. A protective order was concurrently entered sealing all grand jury evidence herein. Such order stated in two separate paragraphs that it was entered "pending further order of this court."

On June 18, 1973, respondent made a motion for the release of the grand jury evidence which had been sealed by the protective order; and on June 25, 1973, the trial court entered an order for the release of that evidence, effective July 15, 1973. The pertinent portions of the order provide as follows:

It Is Hereby Ordered that the protective order of 1 June 1973 is not quashed:

It Is Further Ordered *that the Grand Jury evidence relating to the above entitled case and only such case, be made available on or after 15 July 1973 for the following:*

(1) *The Attorney General of the State of Washington;*
(2) *The Prosecuting Attorney of Thurston County;*
(3) *The Auditor of the State of Washington;*
(4) *The Governor of the State of Washington;* and
(5) *The general public.*

(Italics ours.)

The italicized portions of the above order are those from which this appeal is taken, and such portions of the order were stayed by this court on July 5, 1973, pending appeal.

The first issue raised on appeal is whether the trial court had jurisdiction to enter the order of June 25, 1973.

The argument of appellants on this issue is trifurcated. First, appellants contend that since the trial court dismissed the indictment herein on the basis, among other things, of the grand jury's lack of jurisdiction, the court itself was without jurisdiction to subsequently enter the order releasing the subject evidence, and since no appeal was taken from the dismissal order, lack of jurisdiction is the law of the case and res judicata. Second, appellants contend that the protective order of June 1, 1973, from which respondent took no appeal, was a final order, and was, therefore, not subject to any further action by the court after expiration of the time permitted for a motion for reconsideration. Third, appellants contend that, for the above reasons, respondent failed to timely file his motion for release of the grand jury evidence sealed by the protec-

tive order, and, therefore, the court lacked jurisdiction to enter the order releasing such evidence.

■ The trial court retained jurisdiction to modify the protective order, despite the dismissal of the indictment. Under RCW 10.27.090(4), the prosecuting attorney has access to all grand jury evidence and may introduce such evidence before any trial in which it may be relevant. Thus, the evidence specified in the protective order properly became part of the court record in the instant case.

From the time an action is commenced, the superior court acquires jurisdiction. Const. art. 4, § 1 *et seq.*; *Swan v. Landgren,* 6 Wn. App. 713, 495 P.2d 1044 (1972); *Daniel v. Daniel,* 116 Wash. 82, 198 P. 728, 27 A.L.R. 177 (1921). This includes the control of its own records. RCW 2.28.010; 2.28.150; 2.32.050.

The protective order, which was entered concurrently with the order of dismissal, specifically retained the trial court's jurisdiction over the above-mentioned evidence by stating in two separate paragraphs that it was sealing all grand jury evidence "pending further order of this court." Moreover, this protective order was not a final judgment requiring a specific time for the filing of a motion for reconsideration or the perfection of an appeal, because it did not constitute a final determination of the rights of the parties in this action in regard to the release of evidence. *See Nestegard v. Investment Exch., Corp.,* 5 Wn. App. 618, 489 P.2d 1142 (1971); *In re Estate of Halle,* 29 Wn.2d 624, 188 P.2d 684 (1948); *Bishop v. Lynch,* 8 Wn.2d 278, 111 P.2d 996 (1941); *In re Horse Heaven Irrigation Dist.,* 11 Wn.2d 218, 118 P.2d 972 (1941). Therefore, the trial court retained jurisdiction for the limited purpose involved herein.

The second issue raised on appeal is whether, for reasons of public policy, the release of grand jury evidence in the instant case should not be allowed on the basis that release of such evidence would interfere with the proper functioning of a state agency or its officers.

In regard to this issue, appellants make two contentions.

First, appellants contend that RCW 66.08.100 provides that an action against the liquor board or any member thereof must be brought in Thurston County and that board members are not personally liable for acts performed in the course of their duties. Second, appellants contend that the release of the evidence in question can only lead to a "street trial" and disruption of the liquor board's functions.

Appellants' first contention constitutes a challenge to the jurisdiction of the grand jury and an assertion of statutory immunity. These issues were favorably decided in behalf of appellants in the trial court's oral decision on which the order of dismissal was based. And when an indictment is dismissed, unless the matter is then referred to the grand jury, the order of dismissal is a final order. *See* Annot., 112 A. L. R. 386, at 387 citing *Commonwealth v. Smith,* 140 Ky. 580, 131 S.W. 391 (1910). Since no appeal was timely taken by respondent under ROA I-46 from the trial court's order of dismissal, these rulings became the law of the case. Nevertheless, as pointed out above, the trial court retained jurisdiction over the evidence specified in the order of June 25, 1973. As to appellants' second contention, the record is devoid of any evidence of harassment or intent to intimidate or hamper the functioning of a state agency.

The third issue raised on appeal is whether the evidence involved herein constituted a grand jury report improperly released by the June 25, 1973, order. Appellants rely upon RCW 10.27.160.

The trial court's order of June 25, 1973, does not purport to release a grand jury report, nor does the record indicate that respondent was requesting that a grand jury report be released. A grand jury report contains the conclusions, recommendations and suggestions of the members of the grand jury. RCW 10.27.160. In the instant case, respondent requested that certain specified evidence introduced before the grand jury be released.

The fourth issue raised on appeal is whether all the evidence obtained by the grand jury is precluded from use for any purpose whatsoever following the dismissal of the

208

indictment on the basis stated by the trial court in the instant case.

First, appellants, relying upon RCW 10.27.030, contend that the grand jury term in which the grand jury indicted appellants was not called by an order signed by a majority of the judges of the King County Superior Court, and was, therefore, illegal and its acts void. Second, appellants contend that the evidence in the instant case therefore comes within the "fruit of the poisonous tree" doctrine, so as to preclude its use in any manner whatsoever.

The first contention of appellants was favorably decided in their behalf in the trial court's oral decision on which the order of dismissal was based; and since no appeal was taken from that final order, this ruling became the law of the case.

As to appellants' second contention, the "fruit of the poisonous tree" doctrine bars the prosecution's use at trial of any evidence obtained through illegal means. *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R.2d 933 (1961); *State v. Kinnear*, 162 Wash. 214, 298 P. 449, 74 A.L.R. 1400 (1931). However, appellants cite no authority for their assertion that this doctrine bars release of evidence in the instant case; and, therefore, this court will not consider this proposition. *State v. Rutherford*, 66 Wn.2d 851, 857, 405 P.2d 719 (1965). Thus, for this reason, while cautioning that the evidence to be released in the instant case may be barred for use at trial by the prosecution, we do not here determine that the above-mentioned doctrine precludes the trial court's jurisdiction to release evidence introduced before the grand jury for any purpose permitted by law.

The fifth issue raised on appeal is whether the June 25, 1973, order complies with the provisions of RCW 10.27.090.

Appellants contend that the requirements of RCW 10.27.090(3) and (5) were not satisfied in the instant case because, they allege, there was no showing of good cause for disclosure of the evidence nor a demonstration that

disclosure of the evidence would further the ends of justice. The pertinent portions of RCW 10.27.090 provide:

(3) No grand juror, public or private attorney, city attorney or corporation counsel, reporter, interpreter or public servant who held a witness in custody before a grand jury or special inquiry judge, or witness, principal or other person shall disclose the testimony of a witness examined before the grand jury or special inquiry judge or other evidence received by it, except when required by the court to disclose the testimony of the witness examined before the grand jury or special inquiry judge for the purpose of ascertaining whether it is consistent with that of the witness given before the court, or to disclose his testimony given before the grand jury or special inquiry judge by any person upon a charge against such person for perjury in giving his testimony or upon trial therefor, or when permitted by the court in furtherance of justice.

(4) The public attorney shall have access to all grand jury and special inquiry judge evidence and may introduce such evidence before any other grand jury or any trial in which the same may be relevant.

(5) The court upon a showing of good cause may make any or all grand jury or special inquiry judge evidence available to any other public attorney, prosecuting attorney, city attorney or corporation counsel upon proper application and with the concurrence of the public attorney attending such grand jury. Any witness' testimony, given before a grand jury or a special inquiry judge and relevant to any subsequent proceeding against the witness, shall be made available to the witness upon proper application to the court. The court may also, upon proper application and upon a showing of good cause, make available to a defendant in a subsequent criminal proceeding other testimony or evidence:

(a) when given or presented before a special inquiry judge, if doing so is in the furtherance of justice; or

(b) when given or presented before a grand jury, if the court finds that doing so is necessary to prevent an injustice and that there is no reason to believe that doing so would endanger the life or safety of any witness or his family. The cost of any such transcript made available shall be borne by the applicant.

The order appealed from permits the release of grand jury evidence to the Attorney General, the prosecuting attorney for Thurston County, the State Auditor, the Governor, and the general public.

■ The fundamental object of judicial construction or statutory interpretation is to ascertain and give effect to the intention of the legislature; and in so doing, first resort is to the context and subject matter of the statute itself. *In re Estate of Kurtzman,* 65 Wn.2d 260, 396 P.2d 786 (1964). Moreover, legislative intent is to be ascertained from the statutory text as a whole, interpreted in terms of the general object and purpose of the legislation. *Amburn v. Daly,* 81 Wn.2d 241, 501 P.2d 178 (1972); *Greenwood v. State Bd. for Com. Col. Educ.,* 82 Wn.2d 667, 513 P.2d 57 (1973).

RCW 10.27.090 (5) expressly makes grand jury evidence available to any other public attorney and prosecuting attorney upon a showing of good cause and the concurrence of the public attorney attending the grand jury. Thus, upon a showing of good cause, the evidence in question may be released to the Attorney General and the prosecuting attorney for Thurston County.

■ A determination of whether or not grand jury evidence should be disclosed rests within the discretion of the trial court. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 3 L. Ed. 2d 1323, 79 S. Ct. 1237 (1959). And where a trial court order is a matter of discretion, it will not be disturbed on appeal except on a clear showing of abuse of discretion, *i.e.,* discretion which is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 482 P.2d 775 (1971). The burden is on the complaining party to show such abuse. *Devine v. Goggin,* 69 Wn.2d 144, 417 P.2d 606 (1966).

RCW 66.08.022 provides:

Attorney general is general counsel of board—Duties —Assistants. The attorney general shall be the general counsel of the liquor control board and he shall institute and prosecute all actions and proceedings which may be

necessary in the enforcement and carrying out of the provisions of this chapter and Title 66.

He shall assign such assistants as may be necessary to the exclusive duty of assisting the liquor control board in the enforcement of Title 66.

An assistant attorney general actually appeared before the trial court seeking release of material to the Attorney General. Therefore, a sufficient showing of good cause was offered to the trial court to support its ruling that the grand jury evidence should be released to the Attorney General.

With respect to the release of evidence to the prosecuting attorney for Thurston County, respondent made a showing to the trial court that there was evidence relating to alleged crimes. In their motion to dismiss, appellants themselves argued that jurisdiction properly lay in Thurston County under RCW 66.08.100 which provides that an action against the liquor board be brought in Thurston County. Therefore, the trial court properly made the grand jury evidence available to the prosecuting attorney for Thurston County.

■ ■ With respect to the Governor, that office is not mentioned in RCW 10.27.090. However, article 3, section 5 of the constitution of this state reads:

The governor may require information in writing from the officers of the state upon any subject relating to the duties of their respective offices, and shall see that the laws are faithfully executed.

That provision together with RCW 43.06.010 which details the general duties of the Governor, provide for the authority of the Governor to require information from other public officials, and invests the Governor with power to see that the laws are faithfully executed.

One of the widely recognized and followed rules of statutory construction is "that statutes be interpreted to give meaning and effect to each, if possible." *Miller v. King County,* 59 Wn.2d 601, 369 P.2d 304 (1962); *Henderson v. McCullough,* 61 Wn.2d 90, 377 P.2d 244 (1962).

We hold upon the authority of article 3, section 5 of the constitution and RCW 43.06.010 that the Governor is a

proper public official to receive the grand jury evidence upon the order of the court. We, therefore, affirm that portion of the order.

■ An expression of one thing in a statute excludes others not expressed. *State v. Thompson,* 38 Wn.2d 774, 232 P.2d 87 (1951). RCW 10.27.090 does not provide for the release of grand jury evidence to the State Auditor or the general public; and such release of evidence is therefore excluded by implication.

The order appealed from is affirmed as modified.

HALE, C.J., FINLEY, HUNTER, and HAMILTON, JJ., and RUMMEL, J. Pro Tem., concur.

HALE, C.J. (concurring)—I concur in the court's opinion but would include the State Auditor among the public officials to whom the grand jury evidence should be released. The trial court, in its order of June 25, 1973, directing that "the Grand Jury evidence relating to the above entitled case . . . be made available . . . for . . . The Auditor of the State of Washington," in my judgment acted both circumspectly and well within its discretion.

By statute, the State Auditor is the chief accountant of the State. RCW 43.09. He is independently elected statewide; free of administrative control by other officials; and exercises independent judgment with respect to the legality of public expenditures. He not only keeps track of the vast disbursements of state money and property, but examines the accounting systems by which records are kept and looks into their legality. RCW 43.09.050. If the grand jury evidence indicates faulty, inadequate or obsolete accounting methods related to the operation of the state-owned system for the sale of liquor, the State Auditor should, I think be among those state officers first to be advised.

RUMMEL, J. Pro Tem., concurs with HALE, C.J.

ROSELLINI, J. (concurring)—My dissent in *DeLaney v. Superior Court,* 69 Wn.2d 519, 531, 418 P.2d 747 (1966), referred to in Justice Brachtenbach's dissent, was based

upon the lack of statutory authority for issuing a grand jury report.

The question of whether a grand jury has the right to issue a report is one of first impression in this state. It has been presumed that the grand jury had this authority. Thus, the grand jury, acting in good faith and in pursuance of their assumed authority, issued their report. I am now convinced that the grand jury is without the statutory authority to do this.

Since that decision the legislature, in 1971, enacted the Criminal Investigatory Act of 1971 (RCW 10.27; Laws of 1971, 1st Ex. Sess., ch. 67, § 1), authorizing the release of evidence of a grand jury report to certain public officials. RCW 10.27.090.

Thus, I feel that I am bound by the mandate of the statute. This court should not sit as a super legislature and exceed its powers by repealing the statute.

The order which this court affirms releases the grand jury report to certain public officials, to wit, Governor, Attorney General, and prosecuting attorney for Thurston County, and not to the public. As I understand the statute, the release of the grand jury report to public officials is for official use.

The legislature, in RCW 10.27.160, authorizes the release of

> conclusions, recommendations and suggestions in the form of a grand jury report. Such report shall be released to the public only upon a determination by a majority of the judges of the superior court of the county court that (1) the findings in the report deal with matters of broad public policy affecting the public interest and do not identify or criticize any individual; (2) the release of the report would be consistent with the public interest and further the ends of justice; . . .

The record discloses that the release of the grand jury report does not meet this criteria, neither in a finding that the majority of the judges of the Superior Court authorized its release, nor does it show that it complies with that

portion of the statute that it does "not identify or criticize any individual."

Thus, I reaffirm the statement in my dissent in *DeLaney v. Superior Court, supra* at 531:

> A report of a grand jury reflecting upon a person may do irreparable harm to that person's reputation. There is no forum in which such a person can have an opportunity to clear himself or to establish the falsity of the findings.

HUNTER, J., concurs with ROSELLINI, J.

BRACHTENBACH, J. (dissenting)—I dissent for two reasons: (1) It is beyond my comprehension how an illegally constituted grand jury, without jurisdiction over these petitioners, can be the vehicle by which evidence against them can be gathered and released and (2) even if the void grand jury can be so used, there was no affirmative showing that the release of the evidence was in furtherance of justice or for good cause as required by the statute.

The trial court dismissed the grand jury indictments against petitioners on the grounds that (1) the jury was illegally constituted and its acts therefore void; (2) the grand jury was without jurisdiction over petitioners; (3) the petitioners had a statutory transactional immunity and (4) the indictments were unconstitutionally vague. No appeal was taken so it is the law of the case that this grand jury was illegally constituted, its acts were void and it had no jurisdiction over these petitioners.

The majority deals with the jurisdiction of the *superior court* over its own records, but overlooks the more fundamental issue that the evidence sought to be released had its source in an illegally constituted grand jury which had no jurisdiction over these petitioners.

Thus the essential inquiry is what was the authority and power of such a body? It seems to me that there is and can be only one answer: the body is a nullity, and its acts are void. All of its proceedings and the evidence stemming therefrom must be quashed.

If a court is without jurisdiction, any order it may make,

except an order of dismissal, is a nullity. *In re Estate of Elvigen,* 191 Wash. 614, 622, 71 P.2d 672 (1937). A nullity is "an act or proceeding . . . which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect." Black's Law Dictionary (4th ed.).

Certainly by analogy the same principle is applicable to the proceedings of a grand jury which was not only without jurisdiction but also illegally constituted. Such a body cannot issue indictments, reports or evidence in consonance with a legal system purportedly designed to secure justice for the accused.

Other jurisdictions have not hesitated to expunge improper matters from grand jury reports. *State v. Interim Report of Grand Jury,* 93 So. 2d 99 (Fla. 1957); *Clay v. Wickins,* 7 Misc. 2d 84, 166 N.Y.S.2d 534 (Sup. Ct. 1957). If such is the rule for legally existing grand juries, for an illegal jury it should be even more so.

While our statute authorizes the issuance of grand jury evidence and reports under certain circumstances, RCW 10.27.090 and .160, we should be mindful of the gravity of such action and its potential injustice. Justice Hunter said it well in his dissent in *DeLaney v. Superior Court,* 69 Wn.2d 519, 529, 418 P.2d 747 (1966):

> They [the legislature] could have been concerned about the great injustice that could result to an individual examined in secret under sanction of a court, without counsel, without the opportunity to introduce evidence in his own behalf, denied the right of confrontation of witnesses and cross-examination, with the resulting publication of a disparaging report, and left with no forum in which to clear his name.

Justice Rosellini made an equally valid point in dissenting in the same case at page 531:

> A report of a grand jury reflecting upon a person may do irreparable harm to that person's reputation. There is no forum in which such a person can have an opportunity to clear himself or to establish the falsity of the findings.

Certainly the same thing can be said about the evidence before the grand jury as well as the report of a grand jury.

The court in *People v. McCabe,* 148 Misc. 330, 333, 266 N.Y.S. 363 (Sup. Ct. 1933), aptly summarized the vice of releasing a grand jury report, sometimes called a presentment, and again the same rationale applies to the evidence herein:

> A presentment is a foul blow. It wins the importance of a judicial document, yet it lacks its principal attributes —the right to answer and to appeal. It accuses but furnishes no forum for a denial. No one knows upon what evidence the findings are based. An indictment may be challenged—even defeated. The presentment is immune. It is like the "hit and run" motorist. Before application can be made to suppress it, it is the subject of public gossip. The damage is done. The injury it may unjustly inflict may never be healed.

Recognizing the legislative authority to authorize issuance, but bearing in mind the above principles which reflect fundamental fairness, we turn to the statute. To reach that point we must assume that a grand jury which is not legally constituted and without jurisdiction can still produce evidence subject to release by the court. Even making that assumption, I would still prohibit its publication because the statute governing its release was not complied with. RCW 10.27.090(3) and (5) authorize disclosure in furtherance of justice or upon a good showing of good cause. In an affidavit attached to the motion to release the evidence, a deputy prosecuting attorney alleged only that he believed that the evidence should be made available. No witnesses were presented to support that allegation. The court entered no findings indicating the release to be in furtherance of justice or for good cause. The order releasing the evidence, prepared by the prosecutor, does not even recite a conclusion that there was good cause or that it was in furtherance of justice. Consequently, there is absolutely nothing in the record to support a conclusion that the statutory conditions precedent to release have been met.

I cannot believe that the legislature intended the release

of evidence absent a clear showing sufficient to meet the statutory requirements. Certainly when there is *no* showing, release should be denied.

I would reverse the trial court's order authorizing release of the evidence and would order that it remain sealed forever.

UTTER, J., concurs with BRACHTENBACH, J.