[No. 18243-9-I.   Division One.   June 15, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. YARIEKA BAKER, *Appellant*.

*Anna Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Nicole K. MacInnes* and *John Olson, Deputies,* for respondent.

SCHOLFIELD, C.J.—Yarieka Baker, a juvenile, appeals the trial court's finding that she was guilty of theft in the third degree.

## FACTS

Baker was charged by information with theft in the third degree for taking property from the Bon Marche. Just prior to trial, the State moved to amend the information to charge Baker with theft in the third degree from Woolworth's. The State claimed that the change was merely a correction and, at trial, advised the court that Baker had originally been presented with a misdemeanor citation (which substitutes for an information in district court for trial of adult offenders) that contained the correct store name.[1]

The trial court granted the motion to amend, and Baker was rearraigned. Defense counsel refused to acknowledge receipt of a copy of the information since the amendment was oral, and demanded that the trial court not proceed until a copy of the amended information was received. The trial court noted but denied the request.

Defense counsel then argued that the court's jurisdiction

---

[1]This discovery item has not been made part of the appellate record.

had not been properly invoked because an amended information had not been filed. The court noted that the original information was filed and that defense counsel had received a copy, which the court determined to be sufficient. Defense counsel objected for the record, citing article 1, section 22 (amendment 10) to the Washington Constitution.

The State then presented the testimony of a Woolworth's store detective, which detailed a shoplifting incident engaged in by Baker. The trial court found Baker guilty of theft in the third degree and ordered her to serve 3 months' community supervision and 8 hours' community service. This appeal timely followed.

## THE AMENDED INFORMATION

Baker argues that once a specific request for a written copy of an amended information is made, the accused has a due process right to that copy, and failure to provide it is constitutional error.

Const. art. 1, § 22 (amend. 10) states in pertinent part:

> In criminal prosecutions the accused shall have the right to . . . demand the nature and cause of the accusation against him, to have a copy thereof, . . .

In *State v. Carr*, 97 Wn.2d 436, 645 P.2d 1098 (1982), the prosecution sought to amend an information at trial, charging the defendant with a different crime than originally contained in the information. The defendant was granted a 1-week continuance to prepare for the new charge, but his request to obtain a copy of the amended complaint was refused.

On appeal, the Washington Supreme Court held that amendment of an information at trial violates article 1, section 22 of the Washington Constitution if the amendment contains a new charge. *Carr*, at 439. The *Carr* court also held that the trial court erred in failing to furnish the defendant with a copy of the amended complaint. *Carr*, at 440.

In *State v. Brisebois*, 39 Wn. App. 156, 692 P.2d 842

(1984), the State moved during trial to amend the applicable dates of the crime. The defendant argued her constitutional and statutory rights[2] were violated *inter alia* by the State's failure to provide her with a copy of the amended information. The *Brisebois* court determined that the circumstances before it differed from those in *State v. Carr, supra,* because Brisebois failed to request a copy of the amended information and because the amended information only changed the applicable dates and did not charge a new crime. *Brisebois,* at 162.

█ We believe that the case before us is more analogous to *Brisebois* than to *Carr.* Although Baker specifically requested a copy of the amended information at trial, unlike the defendant in *Brisebois,* we believe that the concern over potential error rests with the substance of the amendment, rather than with the formality of providing a copy.

In *Carr,* the amendment substituted a different crime for the one originally charged, requiring Carr to defend against the State's proof of different elements. On the other hand, in *Brisebois* and the case before us, the amendments were technical, one changing the applicable dates and one changing the location of the crime. In neither instance could the defendant claim that she was not apprised of the nature of the crime of which she was accused.

We acknowledge that the thrust of Baker's argument is that failure to provide the defendant with a copy of an amended information is always constitutional error. However, because the error here, if any, is so clearly harmless, we need not characterize the error in order to dispose of this case. Under either standard of review, any error did not prejudice substantial rights of the defendant and was therefore harmless. *State v. White,* 31 Wn. App. 655, 644 P.2d 693 (1982).

---

[2]Former RCW 10.46.040 required that a defendant be provided with a copy of the indictment. This statute was repealed by Laws of 1984, ch. 76, § 29, and superseded by CrR 4.1.

## JURISDICTION

JuCR 7.1 provides as follows:

**INVOKING JUVENILE COURT JURISDICTION**

Juvenile court jurisdiction is invoked over a juvenile offense proceeding by filing an information.

In addition, RCW 13.40.070(4) provides as follows:

An information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney and conform to chapter 10.37 RCW.

The State argues that both the court rule and statute were complied with by the initial filing of the information in this case. However, Baker argues that the rule and statute require an additional filing of an information to retain the court's jurisdiction if an amended information is filed. Our perusal of both RCW 13.40 and the juvenile court rules has failed to uncover any logical or legal reason for holding that continuing jurisdiction following an amended information is dependent upon a refiling of that information.

Neither party has cited any authority on the issue, and in the absence of citation of authorities in support of a proposition, this court can assume that none have been found after diligent search. *Malstrom v. Kalland,* 62 Wn.2d 732, 384 P.2d 613 (1963). Thus, we find that jurisdiction was obtained in this case at the time of the filing of the original information, and was not lost by the amendment to correct what appears to be a clerical error.

Judgment affirmed.

PEKELIS and THOMPSON, JJ., concur.

Review denied by Supreme Court September 1, 1987.