[No. 25211-9-I.   Division One.   May 18, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERTO GARCIA, *Appellant*.

682

*Adam Shapiro, Suzanne Lee Elliott,* and *Patricia Novotny* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cheryl B. Carey, Deputy,* for respondent.

KENNEDY, J. — Roberto Garcia appeals his judgment and sentence for delivery of and possession with intent to deliver a controlled substance. Appellant claims that his constitutional right to due process was violated by his conviction of a crime not named in the information. Appellant also claims that the possession with intent to deliver charge should have been merged into the delivery charge, and that it was a violation of double jeopardy to convict him of both crimes. Finding that the trial court erred in convicting the appellant for both possession with intent to deliver a controlled substance and delivery of a controlled substance, we reverse the judgment on the possession with intent to deliver conviction and remand for a new trial on that charge and for resentencing on the delivery of controlled substance conviction.

## FACTS

On July 7, 1988, Seattle Police Officer C.W. Trebesh saw a man whom he later identified as Garcia remove a white tissue from his pants and give a white bindle to another man. Officer Trebesh apprehended the person to whom the white bindle was given, one Mr. Rutherford, and arrested him. The white bindle was later determined to contain cocaine.

Believing Garcia to be the party who made the delivery, Officer Trebesh stopped him and informed him that he was

under arrest. After being read his *Miranda*[1] rights, appellant admitted to Trebesh that he sold the narcotics to the other individual.[2] In a search of the appellant pursuant to the arrest, Trebesh found $68 and a white napkin with bindles of white powder and black tar. The contents of this napkin were determined by forensic scientists to contain cocaine and heroin.

On September 28, 1988, the appellant was charged by information with the crime of possession of a controlled substance with intent to deliver. A codefendant, the aforesaid Rutherford, was charged with possession of a controlled substance in count 2 of the same information. Appellant went to trial on October 12, 1989, at which time the State moved to amend the information to add a third count charging appellant with delivery of a controlled substance. The motion to amend was granted. The actual text of the amended count 3 in the information alleged delivery of a controlled substance "to Officer Trebesh", which the respondent admits was error. The State had intended to charge delivery of a controlled substance to Mr. Rutherford.

The case was tried to a jury, and after the evidence was presented, the jury was instructed that to convict, it must find each of the elements of the crimes beyond a reasonable doubt. As to count 1, the possession with intent to deliver, the jury was instructed that the elements were:

> (1) That on or about the 7th day of July, 1988, the defendant possessed with intent to deliver a controlled substance;
> (2) That the defendant knew it was a controlled substance; and
> (3) That the acts occurred in King County, Washington.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

[2] At trial the appellant claimed that the evidence of his confession was inadmissible because he did not sufficiently understand English to waive his *Miranda* rights. The trial court admitted the statement into evidence at trial. No appeal has been taken of that ruling.

As to count 3, the delivery charge, the jury was instructed that the elements were:

(1) That on or about the 7th day of July, 1988, the defendant delivered a controlled substance;

(2) That the defendant knew it was a controlled substance; and

(3) That the acts occurred in King County, Washington.

As can be seen from the instructions, there was no requirement that the jury find that the delivery had been made to Officer Trebesh. However, the instructions submitted by appellant's counsel did not name delivery to Officer Trebesh as an element of the crime either. All of the evidence at trial with respect to count 3 related to the alleged delivery to Mr. Rutherford.

During deliberations, the jury inquired of the court as follows: "Does intent to deliver a controlled substance pertain to the alleged delivery of a controlled substance to Mr. Rutherford? (Ref. Instruction 4.)"

To this, the court replied that "[t]he elements of the crime are as stated in instruction Number Four."

The jury subsequently found the appellant guilty on both counts, and the court then entered judgment, sentencing the appellant to 31 months' confinement based upon an offender score of 4, the sentences for each count to run concurrently. This appeal followed.

### DISCUSSION

Appellant alleges error in his conviction on two distinct grounds. First, he claims that by failing to include the name of Officer Trebesh in the delivery of controlled substance jury instruction when Officer Trebesh was named in the information, the trial court violated his due process right to be convicted of the crime for which he was charged. Second, appellant contends that it was error to convict him both for delivery of a controlled substance and possession with intent to deliver a controlled substance, claiming that the two offenses should have merged into one offense. We consider appellant's challenges in turn.

# I
## CONVICTION OF CRIME NOT CHARGED IN THE INFORMATION[3]

Const. art. 1, § 22 (amend. 10) states in pertinent part:

> In criminal prosecutions the accused shall have the right to . . . demand the nature and cause of the accusation against him, to have a copy thereof, . . .[.]

*State v. Baker*, 48 Wn. App. 222, 224, 738 P.2d 327, *review denied*, 108 Wn.2d 1033 (1987).

It is a well-settled rule in this state that a party cannot be convicted for an offense with which he was not charged. *State v. Pelkey*, 109 Wn.2d 484, 487, 745 P.2d 854 (1987); *State v. Rhinehart*, 92 Wn.2d 923, 928, 602 P.2d 1188 (1979); *State v. Brown*, 45 Wn. App. 571, 576, 726 P.2d 60 (1986).

Respondent admits that the amended information erroneously named Officer Trebesh as the party to whom delivery was made but contends that the error was harmless and does not require reversal. We agree.

■ Since appellant admits having full notice of the actual charge against him, and acknowledges that the case was tried and argued as if he had been charged with delivery to Rutherford instead of to Trebesh, the error in the information must be considered merely a technical one which did not interfere with notice to the appellant of the crime for which he was convicted. *State v. Weiding*, 60 Wn. App. 184, 186, 803 P.2d 17 (1991); *State v. Leach*, 113 Wn.2d 679, 696, 782 P.2d 552 (1989); *cf. Baker*, 48 Wn. App. at 225. A variance between the information and the crime of which a

---

[3]Respondent argues that we may not even consider this issue since it was raised for the first time on appeal. Issues not raised before the trial court will usually not be considered on appeal. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988); *State v. McDonald*, 74 Wn.2d 474, 480, 445 P.2d 345 (1968). An exception to this general rule occurs when the objection "relates to 'manifest error affecting a constitutional right.'" *Scott*, at 684 (quoting RAP 2.5(a)(3)). Furthermore, even if an error involving a jury instruction were "invited" because the appellant does not object to the instruction below, it may be considered on appeal if it involves a constitutional right. *Scott*, at 686.

Since this is a right granted in our state constitution, we will consider it on appeal. *See State v. Baker*, 48 Wn. App. 222, 224, 738 P.2d 327, *review denied*, 108 Wn.2d 1033 (1987).

party is convicted which is merely technical does not require reversal. *Leach*, 113 Wn.2d at 696. This is not a case where any essential elements of the crime were incorrect. *See Leach*, 113 Wn.2d at 687.

In reaching this conclusion, we do not intend to expand the holding of *Leach* to designate every error in which a wrong name is used a technical one. Our conclusion is based on the peculiar facts of this case where the defendant was apprised of the crime correctly in the certification for probable cause, which named Rutherford as the party to whom delivery was made, but where an error was made in the amended information filed on the day of trial, which error was not relied upon or even noticed by either party.

Even if the charging document error is ignored however, and the charge had read that the delivery was made to Rutherford and not Trebesh, the appellant contends that reversal is required. According to the appellant, the very fact that no name was included in the "to convict" delivery instruction when one was included in the charging document "broadened" the possible bases for conviction, resulting in a conviction for a crime with which he may not have been charged.

In *Brown*, 45 Wn. App. at 576, this court held that the defendant's right to be convicted of the elements of the crime charged was violated when the defendant may have been convicted of conspiracy with unnamed coconspirators although he was charged in the information with conspiring with specific individuals. There was evidence presented at the trial which could allow the jury to convict on the basis of a conspiracy determination with the unnamed coconspirators. *Brown*, at 576. Although the facts in *Brown* are superficially similar to the present case they do not control. Garcia was charged with delivery to a specific person but was convicted pursuant to an instruction as to delivery to any party. In *Brown* where the defendant was charged with conspiracy with specific individuals but convicted pursuant to an instruction as to conspiracy with any party, there was evidence that other unnamed parties were involved in the conspiracy.

In the present case, no such evidence of delivery to a person other than Rutherford existed. Thus, the jury could not have convicted appellant for delivery to another person, that is an uncharged delivery. The jury could only have convicted Garcia of the delivery to Rutherford.

■ Even if this were error, an instructional error is harmless if it is "trivial, or formal, or merely academic, was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case." *Brown*, 45 Wn. App. at 576 (citing *State v. Rice*, 102 Wn.2d 120, 123, 683 P.2d 199 (1984)). In *Brown*, the failure to include the coconspirators named in the information in the "to convict" instruction was found to be prejudicial and not trivial because evidence was presented that would have allowed the conviction based upon conspiracy with parties not named in the complaint and for which appellant did not receive proper notification in the charging document.

Unlike the situation in *Brown*, in presenting his case, Garcia did not rely at all on the information stating that the delivery was to Officer Trebesh. No evidence of a delivery to Officer Trebesh or to any other person except Rutherford was presented to the jury. The record makes clear that the appellant attempted to introduce evidence that Officer Trebesh was mistaken about seeing him deliver controlled substances to Rutherford. The appellant attempted to disprove delivery with respect to Rutherford. *All* of the evidence at trial concerning delivery was directed to whether the delivery was made to Rutherford. Without any conflicting evidence before it, it is beyond a reasonable doubt that the jury convicted the appellant for his delivery to Rutherford and not for a delivery to any other party. Any error, therefore, was harmless and does not require reversal. *See Brown*, at 576.

■ For the same reasons, appellant's ineffective assistance of counsel argument must also fail. Appellant contends that if the error in the jury instruction was not of sufficient magnitude to raise for the first time on appeal, then his trial must be reversed because his counsel failed to raise the issue below,

allegedly rendering ineffective assistance of counsel. As noted above, the incorrect name in the charging document was a technical error not requiring reversal and the failure of the jury instruction to name Rutherford, if error, was harmless beyond a reasonable doubt. Therefore, the appellant suffered no prejudice by his counsel's failure to raise the argument at trial.

In order to prevail on an ineffective assistance of counsel claim,

> the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)).

Since neither error requires reversal, no prejudice resulted, and the appellant was not deprived of a fair trial. Therefore, the conviction for delivery of a controlled substance will not be reversed on this basis of ineffective assistance of counsel.

## II
### MERGER OF COUNTS

Appellant also contends that his conviction must be overturned as a violation of the prohibition against double jeopardy and because of the merger doctrine. Specifically, the appellant contends that possession with intent to deliver a controlled substance is a lesser included offense of delivery of a controlled substance, and therefore that the Legislature intended that the offenses should have merged, preventing a conviction on both of them.

The doctrine of merger applies to eliminate prosecution and punishment for an offense which the Legislature has clearly intended is not to be punished separately from the greater offense. *State v. Vladovic*, 99 Wn.2d 413, 421, 662 P.2d 853 (1983). In the past, such intent has been found where proof of one crime is a necessary element or constitutes proof of another crime. *See Vladovic*, at 419, 421; *State v. Johnson*,

92 Wn.2d 671, 676, 600 P.2d 1249 (1979), *cert. dismissed*, 446 U.S. 948, 64 L. Ed. 2d 819, 100 S. Ct. 2179 (1980). A legislative intent not to convict and punish for crimes which are incidental to other crimes can be assumed because of the state and federal constitutional prohibitions against double jeopardy which do not allow double punishment for the same crime. *See Johnson*, at 678.

An exception to the merger doctrine applies if one of the crimes involves an injury that is separate and distinct from that of the other crime. *Vladovic*, at 421. In such a case, the crimes are separate and a party may be punished for both crimes. Thus, although delivery of a controlled substance is statutorily the same crime as possession with intent to deliver a controlled substance (*see* RCW 69.50.401(a)), if the proof of the intent elements are distinct, a party can be convicted of both if the possession with intent to deliver charge is predicated upon the presence of controlled substances after the actual delivery at issue is made. *See State v. Burns*, 114 Wn.2d 314, 319, 788 P.2d 531 (1990).

Respondent contends that since the appellant still possessed controlled substances after the delivery, his conviction for possession with intent to deliver was based on his possession of controlled substances after his delivery to Rutherford. Respondent contends that the offenses should not merge. If it were clear that appellant was convicted for possession with intent to deliver based upon his possession of controlled substances after his delivery to Rutherford, respondent would be correct. However, in the present case, as this jury clearly perceived, in view of the inquiry to the judge during the deliberations, there was evidence of an additional "intent to deliver" which occurred just prior to the actual delivery to Rutherford. Because it was part of the same criminal conduct, this "intent to deliver" should have merged with the delivery charge. *See Burns*, 114 Wn.2d at 319 ("Had Burns possessed only the cocaine delivered there is no question but that the objective would be the same, as one must be in possession in order to deliver.").

■ Because there is evidence of two instances in which the jury could have found intent to deliver, one of which violates appellant's right to be free from double jeopardy, the court should have instructed the jury in such a manner as to distinguish the merged charge from the validly charged criminal act. The failure to give an instruction whereby the jury could distinguish between a validly charged criminal act and one for which conviction is constitutionally impermissible requires that we reverse the conviction and remand for a new trial on this charge. *See State v. Russell*, 101 Wn.2d 349, 354, 678 P.2d 332 (1984).[4]

Respondent contends that even if this conviction is set aside, the sentence for the delivery conviction can stand since appellant's intent to deliver conviction was to run concurrently with his delivery conviction. We disagree. The appellant's offender score for the delivery conviction was readjusted from 2 to 4 due to his additional conviction for possession with intent to deliver. Since his sentence is not within the standard range for conviction of delivery with an offender score of 2, the conviction for delivery must be remanded for resentencing. Accordingly, we reverse the possession with intent to deliver conviction and remand for a new trial, and we also remand the delivery conviction to the trial court for resentencing based on the corrected offender score.

COLEMAN and FORREST, JJ., concur.

Review denied at 120 Wn.2d 1003 (1992).

---

[4]In the present case, no jury instruction distinguishing between the two incidents was proposed by defense counsel, who apparently just assumed that the charge was based upon the drugs that Garcia possessed when he was arrested, after the delivery to Rutherford. However, since a conviction without a clarifying instruction may have violated the prohibition against double jeopardy, we may consider it for the first time on appeal. *See* RAP 2.5; *Russell*, at 354.