[No. 17818-4-II.   Division Two.   July 19, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
LEWIS CORRADO, *Appellant*.

*Patricia Anne Pethick*, for appellant.
*Barbara L. Corey-Boulet, Deputy Prosecuting Attorney*, for respondent.

MORGAN, J. — George Lewis Corrado appeals his conviction for attempted second-degree murder. He claims the trial court lacked jurisdiction because the State failed to file a charge. We vacate the conviction.

On July 30, 1993, Corrado shot Dorothy Gardner. On August 2, 1993, he was charged with attempted murder in the first degree. On September 24, 1993, the State moved for dismissal without prejudice, because "the State has been unable to locate [Gardner] . . . despite the issuance of a material witness warrant".[1] The trial court granted the motion and dismissed the charge. Apparently, Corrado was not released due to other holds.

Gardner was soon found, and on October 25, 1993, Corrado was returned to court for rearraignment. The verbatim record made on that date does not show that a new information had been filed, that the arraignment court had a new information before it, or that a copy of a new information was served on Corrado. Rather, it shows only that the prosecutor told the court:

> We're here for a rearraignment today, Your Honor. The state dismissed the charges without prejudice on 9/24. We're refiling today, one count of attempted murder in the first degree, the same cause number, everything is the same.

---

[1]Clerk's Papers, at 16-17.

Report of Proceedings (Oct. 25, 1993), at 2.[2] The arraignment court went ahead and set trial for November 1.

When the case was called for trial on November 1, the following discussion occurred:

> THE COURT: . . . There is an issue that nobody has raised that I don't understand. I hesitate to raise issues sua sponte, but I don't see any new information in the file and I don't know how, once the case is dismissed, you can arraign somebody if you haven't refiled the case. Can anybody help me out?
>
> [THE PROSECUTOR]: I was informed that we could refile a copy at that time.
>
> THE COURT: There isn't a copy. I don't see the copy in the file after the order of dismissal. I am not saying you didn't. It may be in the clerk's office. Let me give you the file and let you take a look at this. Let me say that the journal entry does say—the journal entry of October 25th says rearraignment . . . .
>
> . . . .
>
> [THE PROSECUTOR]: I recollect pretty much what's in the notes. We handed copies—we handed copies up. It's possible the clerk didn't file it because it was a copy, would be my only explanation . . . .
>
> . . . .
>
> THE COURT: Once there has been an order of dismissal, whether it's with or without prejudice, how can you proceed without filing a new charge? Even though it's the old incident, does it have to be charged anew, is the question, and if it is not charged anew, is the dismissal without prejudice simply a tolling in terms of proper procedure.

Report of Proceedings, at 16-18. The discussion ended with the prosecutor stating, "I would inform the court and

---

[2]The State argues that the clerk who was in court on October 25 marked a box on a printed form that stated, "Served with true copy of information". Clerk's Papers, at 19. However, the verbatim report of proceedings shows only what is in the text, and it is undisputed that the clerk's case file does not contain an information filed on October 25.

counsel, both, that we will file the information just to be safe".[3]

As far as the record shows, the promised information was never filed. The trial proceeded, and the jury returned a verdict of guilty of attempted murder in the second degree.

Corrado now appeals. He claims that the State's failure to file a charge "deprived the court of jurisdiction and renders [the] conviction void".[4]

■■ Preliminarily, subject matter jurisdiction cannot be conferred "by consent, waiver, or estoppel on the part of the accused . . .," 42 C.J.S. *Indictments and Informations*, § 2 (1991). Thus, Corrado can now attack subject matter jurisdiction, even though he failed to do so in the trial court. *See First Union Management, Inc. v. Slack*, 36 Wn. App. 849, 854, 679 P.2d 936 (1984) (jurisdiction can be challenged at any time).

■■ Three points are relevant to the merits. First, a superior court acquires subject matter jurisdiction only "[f]rom the time an action is commenced". *State v. Sponburgh*, 84 Wn.2d 203, 206, 525 P.2d 238 (1974). A criminal action is commenced by the filing of an indictment or information. CrR 2.1(a); *see* Washington Const. art. I, § 25. Thus, a superior court acquires subject matter jurisdiction over a criminal action only at such time as an indictment or information is filed.

■ Second, to dismiss an indictment or information without prejudice "leaves the matter in the same condition in which it was before the commencement of the prosecution". Royce A. Ferguson, Jr., 12 *Wash. Crim. Prac. and Proc.*, § 2218 (1984). Thus, a superior court loses subject matter jurisdiction when the indictment or information is dismissed.

■ Third, "[t]he law is well settled that an order entered

[3]Report of Proceedings, at 19.

[4]Appellant's Br., at 14.

without jurisdiction is void". *State ex rel. Patchett v. Superior Court*, 60 Wn.2d 784, 787, 375 P.2d 747 (1962). Thus, if a superior court acts without subject matter jurisdiction, its acts are void. *State ex rel. Superior Court of Snohomish County v. Sperry*, 79 Wn.2d 69, 74, 483 P.2d 608, *cert. denied*, 404 U.S. 939 (1971); 42 C.J.S. *Indictments and Informations* § 2 (1991) (absent a charging instrument, "the court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity"); 42 C.J.S. *Indictments and Informations* § 8 (1991).

Here, the superior court acquired jurisdiction when an information was filed on August 2. It lost jurisdiction when the information was dismissed without prejudice on September 24. It never reacquired jurisdiction, because the State never filed another information. Its acts done thereafter, including its judgment and sentence, are void.

The verdict, judgment, and sentence are vacated. The defendant shall be released unless, forthwith, he is charged and lawfully detained.

HOUGHTON, A.C.J., and FLEISHER, J., concur.