[No. 71329-4.   En Banc.]
Argued February 14, 2002.      Decided March 28, 2002.

THE STATE OF WASHINGTON, *Respondent*, v. DAVID JEFFREY BARNES, *Petitioner*.

*Eric J. Nielsen* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *James M. Whisman, Deputy*, for respondent.

SMITH, J. — Petitioner David Jeffrey Barnes seeks discretionary review of a decision of the Court of Appeals, Division One, which affirmed his conviction for resisting arrest as charged in an additional count in an amended information granted before trial by the King County Superior Court, but not filed with the clerk of the court. Petitioner argues that failure by the State to file the amended information which added the resisting arrest charge divested the King County Superior Court of subject matter jurisdiction over that count. We granted review. We affirm.

## QUESTION PRESENTED

The question presented in this case is whether a superior court loses subject matter jurisdiction when the State does not file an amended information adding a second count, even though it was approved by the court and was used by the court as the case proceeded to trial before a jury which convicted Petitioner of the second count charged in the amended information.

## STATEMENT OF FACTS

On May 3, 2000 Petitioner David Jeffrey Barnes was charged by information in the King County Superior Court with assault in the third degree.[1] In a pretrial proceeding before the Honorable Michael S. Spearman, at which Petitioner and his counsel were present on June 28, 2000, the State moved to amend the information to add as a second count a charge of resisting arrest.[2] The motion was granted by Judge Spearman.[3] Petitioner at that time was arraigned on the amended information and entered a plea of "not guilty" to both counts.[4] The amended information is not in the record. Respondent State merely states the "amended information has been lost" without any explanation.[5]

Trial began in the King County Superior Court before the Honorable William L. Downing on July 12, 2000.[6] Immediately prior to trial, Judge Downing in open court asked Respondent State whether the information had been amended.[7] The Deputy Prosecuting Attorney handed to the court an informal copy of the amended information and responded, "[i]t was amended on the 30th of June [sic]. I just wanted the Court to have it before it in case it hadn't caught up with the court file."[8] The State indicated that the original information charging assault in the third degree and the amended information adding the resisting arrest charge as Count II related to different officers.[9]

---

[1] Clerk's Papers at 1-4; RCW 9A.36.031(1)(g).

[2] 15 Suppl. Clerk's Papers, indexed as Clerk's Papers at 29.

[3] *Id. See* Mins., King County Superior Ct. Clerk, Verbatim Tr. of Proceedings (June 28, 2000) at 5-6.

[4] *Id.*

[5] Suppl. Br. of Resp't at 11.

[6] Verbatim Report of Proceedings (July 12, 2000).

[7] Verbatim Report of Proceedings (July 13, 2000) at 4-5.

[8] *Id.* The information was in fact amended on June 28, 2000.

[9] *Id.* The court indicated that the resisting arrest charge related to Police Officer Patricia Manning's arrest of Petitioner and the assault charge related to the

At trial, Seattle Police Officer Ella Elias testified that at about 8:00 P.M. on April 30, 1999, while in a police vehicle patrolling the 200 block of Yesler Way in downtown Seattle, she observed a group of five or six male persons sitting on a wall alongside a fountain.[10] As she approached, driving her vehicle onto the sidewalk, several of the men walked off in different directions, but Petitioner Barnes and another person remained sitting along the wall.[11] She stated that Petitioner handed a "crack cocaine pipe" to the other man who then stood up, walked away and proceeded up Third Avenue.[12] Petitioner then stood up, walked away, and leaned against the Metro bus tunnel.[13] Officer Elias approached Petitioner and asked him for identification.[14] She testified that Petitioner replied with obscenities and walked away. As she attempted to grab him, Petitioner struck Officer Elias in her shoulder with his fist.[15] As Petitioner started to jog away, Officer Elias reached to restrain him. Petitioner again swung at her, but she blocked the blow with her left hand.[16]

Officer Elias radioed for assistance.[17] Police Officers Christopher Snyder and Patricia Manning responded and confronted Petitioner.[18] Officer Snyder pushed him to the ground when he did not respond to their arrest instruc-

---

incident between Police Officer Ella Elias and Petitioner, both occurring on April 30, 1999.

[10] *See* Clerk's Papers at 2. *See also* Verbatim Report of Proceedings (July 13, 2000) at 18-19.

[11] Verbatim Report of Proceedings (July 13, 2000) at 19-20.

[12] *Id.* at 20-21.

[13] *Id.*

[14] *Id.* at 22.

[15] *Id.* at 23-24.

[16] *Id.*

[17] *Id.* at 24-25.

[18] Verbatim Report of Proceedings (July 17, 2000) at 10-19, 74-88.

tions.[19] Officer Manning stated that Petitioner tried to get away, twisting and turning while the officers attempted to subdue him, and caused her and Officer Snyder to collide with serious force.[20]

Petitioner Barnes testified at trial. He testified that Officer Elias ordered everyone to vacate Pioneer Park where he was standing;[21] that she approached him and asked for identification, but he did not comply;[22] he asked her the reason for her request; and after she did not respond, he told her he would leave the park.[23] Petitioner said Officer Elias followed him and prevented him from leaving the area by walking and standing in front of him as he attempted to walk away;[24] that Officer Elias reached for him, but he eluded her and left the area because he was afraid.[25]

Petitioner testified that police officers alighted from their patrol vehicles and forced him to the ground onto his stomach.[26] He stated he did not resist when the officers handcuffed him.[27] He said the officers held him down while he was handcuffed, kicked him, and banged his head onto the pavement.[28] He also testified that Officer Elias punched him in the face as he sat in the back of a patrol car.[29]

On July 19, 2000 the jury convicted Petitioner on Count II, the resisting arrest count, but was unable to reach a verdict on Count I, the assault in the third degree count

---

[19] *Id.*

[20] *Id.* at 68.

[21] *Id.* at 99.

[22] *Id.* at 100-01.

[23] *Id.*

[24] *Id.* at 101-02.

[25] *Id.* at 102, 135.

[26] *Id.* at 104.

[27] *Id.* at 104-05.

[28] *Id.* at 105-06.

[29] *Id.* at 108.

which the court later dismissed with prejudice. On July 28, 2000 Judge Downing sentenced Petitioner to 90 days in the King County Jail with credit for the 90 days already served.[30]

Petitioner appealed his conviction to the Court of Appeals, Division One, on August 24, 2000. Relying on *State v. Corrado*,[31] he argued that the King County Superior Court did not have subject matter jurisdiction over the resisting arrest charge because the State had not filed the amended information with the court.[32] The Court of Appeals, in an unpublished per curiam opinion filed July 2, 2001, rejected his argument and affirmed his conviction, citing *State v. Franks* for the proposition that subject matter jurisdiction is not dependent upon compliance with procedural rules.[33]

Petitioner sought review, claiming the decision of the Court of Appeals, Division One, conflicts with the decision of Division Two in *Corrado*.[34] Review was granted on December 4, 2001.[35]

### DISCUSSION

■ Commencement of a criminal action by filing an information instead of by grand jury indictment is constitutional.[36] Whether to file a charge by indictment or information is within the discretion of the prosecuting attor-

---

[30] Clerk's Papers at 21-23, 28.

[31] *State v. Corrado*, 78 Wn. App. 612, 898 P.2d 860 (1995).

[32] Clerk's Papers at 24-27.

[33] *State v. Barnes*, No. 47298-4-I, 2001 Wash. App. LEXIS 1428, at *3, 2001WL 747734, at *1 (citing *State v. Franks*, 105 Wn. App. 950, 954-55, 22 P.3d 269 (2001)), *review granted*, 145 Wn.2d 1007 (2001).

[34] RAP 13.4(b)(2); *see also* Pet. for Review at 2. An unpublished opinion, *State v. Hodges*, No. 47187-2-I, 2001 Wash. App. LEXIS 1427, 2001 WL 746623 (Wash. Ct. App. July 2, 2001), undermines Petitioner's assertion that a split of authority exists between Divisions One and Two of the Court of Appeals. The court in *Hodges* follows the reasoning in *Barnes* and *Franks*.

[35] Order Granting Review.

[36] *Hurtado v. California*, 110 U.S. 516, 4 S. Ct. 111, 28 L. Ed. 232 (1884) (states are not required to indict felony defendants by use of a grand jury; the Fourteenth

ney.[37] Indictments are rarely used in Washington courts because grand juries are impaneled only infrequently. The nature and content of an information are governed by Superior Court Criminal Rule (CrR) 2.1 and statutes imposing additional form and content requirements not of consequence in this case.[38]

■ CrR 2.1 provides that a criminal proceeding is commenced when the State files an *initial* pleading either by indictment or information.[39] "From the time an action is commenced, the superior court acquires jurisdiction."[40]

The initial information filed in the King County Superior Court on May 3, 2000 is not at issue. The trial court acquired jurisdiction over the criminal proceeding when the State filed that information charging Petitioner with assault in the third degree.[41] The issue we now consider relates to the procedural and jurisdictional consequences of the amended information approved on June 28, 2000 which added Count II, the resisting arrest charge, upon which the jury found Petitioner "guilty." Petitioner focuses on the procedure under which a superior court acquires subject matter jurisdiction upon approval of an amended information.[42]

■ CrR 2.1(d) authorizes the court to amend any information "at any time before verdict or finding if sub-

---

Amendment due process clause does not prevent the use by a state of an information to charge a felony).

[37] *State v. Dunn*, 70 Wn.2d 572, 424 P.2d 897, *cert. denied*, 389 U.S. 867 (1967); *State v. Haner*, 95 Wn.2d 858, 631 P.2d 381 (1981).

[38] *See* RCW 10.37.050, .052.

[39] CrR 2.1(a); *see* WASH. CONST. art. I, § 25. *See, e.g., State v. Westphal*, 62 Wn.2d 301, 382 P.2d 269, *cert. denied*, 375 U.S. 947 (1963).

[40] *State v. Sponburgh*, 84 Wn.2d 203, 206, 525 P.2d 238 (1974) (citing WASH. CONST. art. IV, §§ 1, 6; *Swan v. Landgren*, 6 Wn. App. 713, 495 P.2d 1044 (1972); *Daniel v. Daniel*, 116 Wash. 82, 198 P. 728 (1921)).

[41] *See* Clerk's Papers at 1-4.

[42] Pet. for Review at 1.

stantial rights of the defendant are not prejudiced."[43] Amendment to an information may include new charges if completed before trial and no specific prejudice results.[44] "[T]he primary purpose of [a charging] document is to supply the accused with notice of the charge that [the accused] must be prepared to meet."[45] An assignment of error challenging a charging document may be raised for the first time on appeal.[46]

Petitioner contends the King County Superior Court was divested of subject matter jurisdiction in this case because the State did not file the amended information with the clerk of the court.[47] He does not dispute that the trial court acquired subject matter jurisdiction when the initial count charging him with assault in the third degree was filed. But he argues that continuing subject matter jurisdiction by the court depended on the procedural act of filing the court-approved amended information with the clerk of the court

[43] CrR 2.1(d).

[44] See id.; State v. Pelkey, 109 Wn.2d 484, 490, 745 P.2d 854 (1987) (stating that amendments to an information are liberally allowed prior to trial); State v. James, 108 Wn.2d 483, 489-90, 739 P.2d 699 (1987) (finding petitioner failed to meet the burden of showing specific prejudice resulting from the amended information because petitioner did not claim surprise or an inability to prepare a defense); State v. Dallas, 126 Wn.2d 324, 327, 892 P.2d 1082 (1995) ("[T]he State may not amend a criminal charging document to charge a different crime after the State has rested its case unless the amended charge is a lesser degree of the same charge or a lesser included offense.").

[45] State v. Kjorsvik, 117 Wn.2d 93, 101, 812 P.2d 86 (1991).

[46] See Kjorsvik, 117 Wn.2d 93; see also State v. Garcia, 65 Wn. App. 681, 686 n.3, 829 P.2d 241, review denied, 120 Wn.2d 1003 (1992). This court adopted the federal liberal construction rule in Kjorsvik, holding that "[c]harging documents which are not challenged until after the verdict will be more liberally construed in favor of validity than those challenged before or during trial." Kjorsvik, 117 Wn.2d at 102. Although this standard of review is generally applied to cases challenging the content of the information, and not to the appropriate method for amending an information, its principles may apply to amended informations. This court adopted the standard out of concern that dissatisfied, convicted defendants could subvert the orderly administration of criminal justice by deferring their attacks against informations or indictments until statutes of limitation had run, witnesses had disappeared, and those charged with prosecutorial duties had lost interest. See Kjorsvik, 117 Wn.2d at 105 (citing State v. Majors, 94 Wn.2d 354, 358-59, 616 P.2d 1237 (1980) (quoting Keto v. United States, 189 F.2d 247, 251 (8th Cir. 1951))).

[47] Br. of Pet'r at 10.

and that[48] failure by the State to do so warrants reversal of his conviction.[49]

In support of his assertion, Petitioner cites *State v. Corrado* for the proposition that "a superior court acquires subject matter jurisdiction over a criminal action only at such time as an indictment or information is filed."[50] That is a correct statement of the law as far as it goes. His reliance on *Corrado*, however, is misplaced. That case is distinguishable from this one. In *Corrado*, the State filed an information charging Defendant Corrado with attempted murder in the first degree.[51] As the trial date approached, the trial court granted the State's motion to dismiss the charge without prejudice because the State was unable to locate a material witness. Shortly thereafter, the State located the witness and Defendant Corrado was rearraigned. No new information was filed. The case proceeded to trial and the defendant was convicted. The Court of Appeals, Division Two, reversed his conviction, holding that the superior court lost subject matter jurisdiction when the information was dismissed without prejudice. "[T]he superior court acquired jurisdiction when an information was filed . . . . It lost jurisdiction when the information was dismissed without prejudice . . . . It never reacquired jurisdiction, because the State never filed another information."[52]

The facts in this case are distinguishable from the facts in *Corrado*. This case involves an amended information, a document used at arraignment and for trial before a jury but apparently lost or misplaced in the filing process. The court in *Corrado* emphasized that because the original information was dismissed without prejudice, there remained no legally cognizable charge before the court. In

---

[48] Br. of Resp't at 7-8.

[49] *See id.*

[50] *Corrado*, 78 Wn. App. at 615.

[51] *Id.* at 613.

[52] *Id.* at 615-16.

this case the information charging Petitioner with assault in the third degree was not dismissed, but was amended by a document which added Count II charging resisting arrest. The trial court at no time lost subject matter jurisdiction over the case.

Petitioner contends that challenges to charging documents implicate subject matter jurisdiction[53] which Respondent maintains is inconsistent with Washington case law.[54] The Court of Appeals in this case cites *State v. Baker* and *State v. Franks* as authority, holding that procedural errors in commencing a criminal action do not raise subject matter jurisdiction concerns.[55] In *Baker*, the trial court allowed the State to amend the original information to correctly reflect the alleged victim's name. Defense counsel refused to acknowledge receipt of a copy of the original information because it had been orally amended and requested that the trial not proceed until he received an actual copy of the amended information. The court denied his request. The defendant then argued that the jurisdiction of the court had not been properly invoked because the amended information had not been filed. The Court of Appeals, Division One, disagreed, stating there was no "logical or legal reason for holding that continuing jurisdiction following an amended information is dependent upon a refiling of that information."[56]

In *Franks* the appellant argued that the trial court lacked subject matter jurisdiction because the State failed to name her in the charging portion of the information. The court held that superior courts do not acquire or lose subject matter jurisdiction based upon procedural events and er-

[53] *Contra State v. Gallegos*, 65 Wn. App. 230, 235, 828 P.2d 37 (1992) (citing *Kjorsvik*, 117 Wn.2d at 108).

[54] *See id.*; *State v. Baker*, 48 Wn. App. 222, 226, 738 P.2d 327 (1987); *State v. Franks*, 105 Wn. App. 950, 22 P.3d 269 (2001).

[55] *State v. Barnes*, No. 47298-4-I, 2001 Wash. App. LEXIS 2897, at *2, 2001 WL 747734, at *2 (Wash. Ct. App. July 2, 2001) (citing *State v. Baker*, 48 Wn. App. 222, 738 P.2d 327 (1987); *State v. Franks*, 105 Wn. App. 950, 22 P.3d 269 (2001)).

[56] *State v. Baker*, 48 Wn. App. at 226.

rors.[57] The appellant in *Franks* relied on *Corrado*. The court agreed with the result in *Corrado*, but rejected its reasoning, stating that[58]

> the analysis is flawed in its assumption that a superior court must "acquire" subject matter jurisdiction in each particular case, and that the court may "lose" such jurisdiction due to procedural error. As the Supreme Court made clear in *Marley v. Department of Labor & Industries*[, 125 Wn.2d 533, 886 P.2d 189 (1994)], subject matter jurisdiction is not temporal, and its existence is not dependent upon compliance with procedural rules . . . .

This court in *Marley v. Department of Labor & Industries* acknowledged that the term "subject matter jurisdiction" is often misused.[59] "A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate."[60] Jurisdiction means the power to hear and determine.[61] Subject matter jurisdiction means a court has the authority to rule over the nature of a case and the type of relief sought.[62] " 'In order to acquire complete jurisdiction, so as to be authorized to hear and determine a cause or proceeding, the court necessarily must have jurisdiction of the parties . . . and of the subject matter involved.' "[63] Generally, a valid judgment consists of three jurisdictional elements: jurisdiction of subject matter, jurisdiction of person, and power or authority to render a particular judgment.[64]

In this case, Petitioner asserts that the superior court lacked subject matter jurisdiction over the resisting arrest

---

[57] *Franks*, 105 Wn. App. at 957.

[58] *Franks*, 105 Wn. App. at 954-55 (citing *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)).

[59] *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994).

[60] *Id.*

[61] *State v. Werner*, 129 Wn.2d 485, 493, 918 P.2d 916 (1996).

[62] *See* BLACK'S LAW DICTIONARY 857 (7th ed. 1999).

[63] *State v. Werner*, 129 Wn.2d at 493 (quoting *State ex rel. N.Y. Cas. Co. v. Superior Court*, 31 Wn.2d 834, 839, 199 P.2d 581 (1948)).

[64] *Id.* at 493.

charge, a felony. Washington Constitution article IV, section 6 confers original jurisdiction in the superior court for felony cases.[65] The King County Superior Court, having acquired jurisdiction when the initial information was filed on May 3, 2000, retained jurisdiction when the amended information, adding Count II, was approved on June 28, 2000. The court had the authority to adjudicate both charges in the amended information.

From the record in this case it is apparent that the trial court had in hand and relied upon an informal copy of the amended information, although the original doubtless had not been filed with the clerk. The amended information complied with CrR 2.1(d) and did not prejudice any substantial right of Petitioner. Prior to trial he and his counsel were served with copies of the amended information, he was arraigned on the amended information, and he pleaded "not guilty" to both Counts I and II.[66] The case proceeded to trial under the amended information. The court and both parties proceeded with the trial with the understanding that the copy of the amended information correctly reflected the amended information which was to have been filed with the clerk.[67] The trial court instructed the jury on both counts. The jury found Petitioner "guilty" of Count II, resisting arrest, but was unable to reach a verdict on Count I, assault in the third degree. The court dismissed that count. Petitioner made no objection to the amended information until after his conviction.

Jurisdiction becomes an issue only if no offense is charged at all.[68] Petitioner maintains that failure by the State to file the amended information is tantamount to not charging him with any offense. Alleged errors in *Baker* and *Franks* related to formal defects (such as an incorrect name) which

---

[65] "The superior court shall have original jurisdiction . . . in all criminal cases amounting to felony . . . ." WASH. CONST. art. IV, § 6.

[66] Verbatim Tr. of Proceedings (June 28, 2000) at 5-6.

[67] Verbatim Report of Proceedings (July 13, 2000) at 4-5.

[68] *See State v. Sims*, 59 Wn. App. 127, 132, 796 P.2d 434 (1990).

may be cured by amendment of the information without filing a new information.[69] In this case Petitioner agrees that an initial pleading invokes the jurisdiction of the court under CrR 2.1 and that the initial information in this case was properly filed on May 3, 2000.[70] Because the State amended the initial information in accordance with CrR 2.1(d), the trial court retained jurisdiction over the additional charge in the amended information.[71] The State's failure to file the amended information after it was approved by the court raises serious questions of efficiency, but it did not divest the superior court of jurisdiction over the additional count in the amended information charging resisting arrest.[72]

This court tangentially considered whether challenges to defective informations implicate subject matter jurisdiction in *State v. Kjorsvik*, in which the petitioner challenged the constitutional sufficiency of an amended information. The court stated, "case law from this court has not viewed charging document challenges as involving subject matter jurisdictional issues, and we decline to adopt such a view."[73]

### PLAIN LANGUAGE OF CRR 2.1(d)

■ Petitioner's argument assumes that amendment of an information under CrR 2.1(d) requires filing with the clerk before the amended information becomes effective. Such a reading is not justified under the plain language of the rule. Language which is clear upon its face does not

---

[69] *See Baker*, 48 Wn. App. 222; *Franks*, 105 Wn. App. 950.

[70] *See* Suppl. Br. of Pet'r at 5, 6.

[71] CrR 2.1(d).

[72] The State apparently did not monitor its responsibility for filing this significant and material document and casually excuses it as a clerical mistake under CrR 7.8(a). The State in its brief suggested a corrective procedure under which the trial court could authenticate a copy of the lost or missing amended information, but apparently has assumed no responsibility for correcting its own loss or misplacement of the document.

[73] *State v. Kjorsvik*, 117 Wn.2d 93, 108, 812 P.2d 86 (1991).

require or permit construction.[74] Under CrR 2.1(d) "[t]he court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." The rule is unambiguous. Although the procedure is not to be commended, there was nevertheless no error when the State did not file the amended information which had been approved by the court, accepted by Petitioner at arraignment, and used by the trial court in presenting the case to the jury.

## SUMMARY AND CONCLUSIONS

The Court of Appeals correctly concluded that the superior court's continuing subject matter jurisdiction over the criminal action did not depend on the procedural act of filing the amended information with the clerk of the court and that failure by the State to do so did not warrant reversal of Petitioner's conviction for resisting arrest as charged in Count II.

Petitioner relies on *State v. Corrado* which states that "a superior court acquires subject matter jurisdiction over a criminal action only at such time as an indictment or information is filed."[75] *Corrado* is distinguishable from this case, however. Unlike the information in *Corrado*, the original information in this case was not dismissed. A legally cognizable charge remained before the trial court. The trial court did not lose subject matter jurisdiction when the initial information charging assault in the third degree was amended to add Count II, resisting arrest.

An *initial* pleading invokes the jurisdiction of the court under CrR 2.1. Without dispute, the initial information in this case was properly filed. Because the State amended the initial information in accordance with CrR 2.1(d), the trial court retained jurisdiction over the additional charge in the amended information. The State's failure to file the

---

[74] *State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979).

[75] *State v. Corrado*, 78 Wn. App. 612, 615, 898 P.2d 860 (1995).

amended information after it was approved by the court raises serious questions of efficiency, but it did not divest the superior court of jurisdiction over the additional charge of resisting arrest in the amended information.

From the record in this case it is apparent the trial court had in hand and relied upon an informal copy of the amended information, although the original doubtless had not been filed with the clerk. The amended information complied with CrR 2.1(d) and did not prejudice any substantial right of Petitioner. Prior to trial he and his counsel were served with copies of the amended information, he was arraigned on the amended information, and he pleaded "not guilty" to both Counts I and II. The case proceeded to trial under the amended information. The jury found Petitioner "guilty" of resisting arrest. The court and both parties proceeded with the trial with the understanding that the informal copy of the amended information correctly reflected the amended information which was to have been filed with the clerk. The trial court instructed the jury on both counts. The jury found Petitioner "guilty" of Count II, resisting arrest, but was unable to reach a verdict on Count I, assault in the third degree. That count was dismissed.

The King County Superior Court acquired jurisdiction when the initial information was filed on May 3, 2000 and retained jurisdiction after the amended information, adding Count II, was approved on June 28, 2000. The court at all times had the authority to adjudicate both charges in the amended information.

We affirm the Court of Appeals, Division One, which concluded that the King County Superior Court had subject matter jurisdiction over this case in which Petitioner David Jeffrey Barnes was convicted of resisting arrest, even though the amended information under which the case proceeded and upon which the jury convicted him was apparently not filed with the clerk of the court.

ALEXANDER, C.J., and JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.