NELSON, J.
Gary Stensgar and Christopher Signor were arrested on July 31 2011 for Driving While Intoxicated. Both were taken to the tribal jail where each posted bail. Each signed a Notice of Appearance and Promise to Appear informing them to appear for arraignment on August 2, 2011. Both appeared for arraignment only to learn that no complaint or citation had been filed with the court. The trial court judge dismissed the charges against them with prejudice. We overturn the Trial Court and hold the actions of the trial court judge to be void ab initio.
ISSUE
Did the trial court abuse its discretion by dismissing the charges with prejudice when neither a complaint nor a citation had been filed with the court?
STANDARD OF REVIEW
The Tribes allege the trial court abused its discretion and made errors of law. Mixed questions of abuse of discretion and errors of law are reviewed de novo. Colville Confederated Tubes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 IlR 6059 (1995).
FACTS
The facts in this matter are not at issue. Gary Stensgar and Christopher Signor (hereinafter defendants) were arrested in separate incidents on July 31, 2011, for Driving While intoxicated. LOG 3-1-1 (RCW 45.61.502, 5040). Both were taken to the tribal jail and released upon posting bail. At the time of their release each signed a Notice of Appearance and Prom *144 ise to Appear for arraignment on August 2, 2011.
Upon appearing at the appointed time and date, they learned that criminal charges had not been filed against them. The time and date set for their arraignment was the time and date regularly set for arraignments [1], Both the tribal prosecutor and the tribal public defender were present during these arraignments and both spoke for their respective potential clients. Despite not having a charging document in the record, the public defender moved to dismiss the charges against his clients. The Tribes objected. The court, finding that similar events had occurred in the past, dismissed the charges with prejudice.
The Tribes filed a Motion for Reconsideration which was heard on August 16, 2011. On August 18, 2011, the trial court issued its written order dismissing the charges with prejudice and ordered a hearing on the Motion for Reconsideration. After the hearing, the trial court denied the motion and affirmed its decision dismissing the charges with prejudice. This appeal followed.
DISCUSSION
The Colville Law and Order Code mandates that “all criminal proceedings are initiated by a complaint”. LOC 2-1-30. It also provides that citations completed by police officers “shall serve as the complaint for purposes of prosecution in court”. LOC 2-1-72.
In the matters before us no complaint or citation had been filed with the court when the trial court judge dismissed both pending charges with prejudice. To be more specific, no criminal proceedings were in place when the trial court judge dismissed the “charges” against the defendants.
This case is similar to CCT v. Boyd, 5 CTCR 21, 10 CCAR 9 (2009) in that no complaint or citation had been filed prior to his first appearance in court. Mr. Boyd was arrested on July 16, 2009, held overnight in the tribal jail, and brought before a judge on a motion for bail review. The judge, after finding no probable cause for Mr. Boyd’s arrest, released him and set a date for arraignment. This was done despite the fact that no complaint or citation had been filed. The Tribes subsequently filed their complaint and immediately thereafter filed an interlocutory appeal. We found the trial court judge had acted without authority in hearing the matter before a complaint or citation had been filed and upheld the appeal. The trial court judge was removed from further participation in the matter.
Another case similar to this arose in Washington State wherein the state filed an information agdinst a defendant charging him with murder. Near the date set for trial, the state moved to dismiss the information because a key witness could not be located. The trial court judge dismissed the information without prejudice. Shortly thereafter, the state located the witness and asked the judge to resume the trial. The judge noted that the information had been dismissed. The state said it would re-file the information once the trial reconvened. A new information was not filed, but the trial went forward and the defendant was convicted. He appealed his conviction which was vacated on the grounds that the trial court did not have subject matter jurisdiction. State v. Cor- *145 rado, 78 Wash.App. 612, 898 P.2d 860 (1995)[2]
In the matter before us, we have determined that the trial court judge had no criminal cases before her when she dismissed them. We are not aware of any authority granted to a trial court to dismiss pending criminal charges before they are filed with the court. Accordingly, we hold that the trial court judge was without authority to dismiss criminal charges which might come before her but did not exist as an official court proceeding at the time. The order dismissing both cases with prejudice was without any law or precedent authorizing it and was, there-fore, void ab initio.[3]
We need not reach the issue of the appropriateness of the dismissal with prejudice in these cases in light of our ruling.
CONCLUSION
We reverse the Trial Court’s decision and remand for the Trial Court to take action consistent with this Opinion.

. All criminal arraignments are set for 1:00 p.m. on Mondays, Tuesdays, Wednesdays and Fridays.

. The Corvado decision has been criticized by other courts. See State v. Franks, 105 Wash.App. 950, 22 P.3d 269 (2001) and State v. Barnes, 146 Wash.2d 74, 43 P.3d 490 (2002). In summary, the criticism was that a Washington State Superior Court always has subject matter jurisdiction which is granted by the Washington State Constitution. Both cases agreed, however, that Corrado's conviction could have been vacated on other grounds.

. Our holding does not mean the charges against the appellees are no longer valid and cannot be prosecuted. The Tribes may proceed to prosecute assuming availability of witnesses and so forth.