TAYLOR, J.
The Panel has reviewed the record and the briefs filed in this case and unanimously finds the Appeal suitable for decision without oral argument. The Appellant is represented by Jacquelyn F. Finley, Office of Prosecuting Attorney; the Appellee is represented by David Stevens, Office of Public Defender.
SUMMARY
The Appeal before the Court involves a matter of first impression in this jurisdiction. In criminal prosecutions the Tribes is obligated to turn over to the defendant all evidence to be used at trial, especially evidence which may be exculpatory of any offense charged. When, however, potentially exculpatory evidence becomes unavailable, courts are faced with circumstances which require a reasoned analysis of a number of factors to determine how a prosecution should be structured so that a defendant is not prejudiced by the unavailability of the evidence. Such an analysis may require dismissal of the prosecution, a protective instruction to the jury, or some other remedy; but an analysis of the facts and law bearing on the unavailable evidence must occur.
Here, the trial court, noting that evidence requested by the defendant would not be available, did not provide the parties with any opportunity to present facts or law regarding evidence or the circumstances of the unavailability of evidence. Instead the trial court acted, without ruling on the law or making findings of fact, to dismiss the prosecution without prejudice. A Motion to Reconsider the dismissal filed by the Tribes was similarly denied without reference to facts or law bearing on the prosecution or the unavailable evidence.
*41 We find that the dismissal of the prosecution failed to provide procedural due process of lam' and reverse.
FACTS
The Appellee, Monte Marehand, was arrested on April 6, 2013, after a traffic stop for speeding. Appellee was eventually charged with several offenses including driving under the influence of an intoxicant, intimidation of a public officer, and damage to public property. The events which occurred during the traffic stop were in some part recorded by a digital camera affixed to 'the dashboard of the police vehicle used to apprehend Appellee.
In the Omnibus Hearing of April 29, 2013, Appellee demanded production of the “dasheam” recording and the Trial Court directed that it be produced in the Order entered that day. At a Pretrial hearing held a week later, the recording had not been produced. When the Pretrial hearing was reconvened on August 5, 2013, the recording had still not been made available to Appellee.
The Tribes gave the Trial Court two explanations for its inability to produce the recording. First, the Tribes stated that the digital recording had been transferred from the dasheam to the police records custodian’s computer and filed in an unknown location and could not be located. Upon hearing this statement the Appellee made an oral motion for dismissal of the charges. The Trial Court orally granted the motion to dismiss without prejudice. A written Order of Dismissal was entered on August 7, 2013, and a Memorandum Opinion supporting the dismissal without prejudice was entered on August 9, 2013. CCT v. Marchand, 4 CTCR 5 (2013) The second explanation of the unavailability of the recording was made in a Motion for Reconsideration of the Dismissal filed by the Tribes. The Motion was supported by memoranda from police officials regarding the recording. The recording was destroyed, said the Tribes, when the recording was transferred to the police records custodian’s computer and a malfunction in that computer caused the destruction of the record. Efforts on the part of the police department and tribal computer service staff had not been successful in recovering the record.
The Reconsideration Motion was denied by the trial court on two grounds. First, the Court held that the second explanation (computer malfunction) could have been discovered prior to the hearing at which the charges were dismissed. Second, because the dismissal was made without prejudice and was therefore not a decision on the merits. Memorandum Opinion, September 10, 2013.
The Appeal by the Tribes was timely filed October 1, 2013, noting irregularity in the proceedings of the Court and a decision contrary to law and the evidence.
ISSUE
Did the Trial Court err when it dismissed the criminal complaint without prejudice on the unnoted, oral motion of Appellee, without findings regarding the circumstances of an unavailability of potentially exculpatory evidence or an examination of the applicable law regarding treatment of such unavailable evidence?
STANDARD OF REVIEW
The Appeal is based on abuse of discretion and error of applicable law. Mixed questions of abuse of discretion or fact (i.e., the specific causes of unavailability of potentially exculpatory evidence and other available evidence) and law (i.e., the standards and remedies to be applied to a circumstance of unavailability of potentially exculpatory evidence in a criminal pros *42 ecution) are reviewed de novo by this Court. Colville Confederated Tribes v. Stensgar and Signor, 11 CCAR 47, 6 CTCR 09, 11 Am. Tribal Law 143 (2013).
DISCUSSION
The Trial Court dismissed the criminal complaint on Appellee’s oral motion after a brief oral argument by the parties. This dismissal was entered both in violation of several provisions of the Colville Tribal Code requiring notice of pretrial motions and time requirements for responding (CTC l~2~9(a); CTC 1-2-10) and the procedural due process right of the Appellant, and all parties, to present evidence and legal argument regarding the manner of review in which a court is obligated to engage, and remedies available, when it appears that potentially exculpatory evidence is unavailable to the court, the jury, and counsel.
With regard to the law that should be applied in the circumstance of the unavailability of potentially exculpatory evidence, the resolution of this question will be a matter of first impression in this jurisdiction. There are, however, well considered rulings available to the parties and the Court, especially the interpretations of the decision of the U.S. Ninth Circuit Court of Appeals in United States v. Loud Hawk, 628 F.2d 1139 (9th Cir.1979). (See United States v. Sivilla, 714 F.3d 1168 (9th Cir. 2013) and United States v. Flyer, 633 F.3d 911 (9th Cir., 2011) corruption of evidence stored in computers).
CONCLUSION
The dismissal of this criminal complaint without a complete hearing and a decision regarding the circumstances of the loss of the evidence and the law to be applied to the circumstance of unavailable evidence deprived the Appellant, and all parties, of their right to proceed in the orderly manner that the commitment of the Colville Tribes to due process requires. CTC 56.02(h); Edwards v. Bercier, 10 CCAR 18, 5 CTCR 23 (2009). We reverse the Trial Court and remand for further proceedings consistent with this opinion.