SLOAN, J.
FACTS
Colleen Manual, a Colville Tribal member, supported by her sister and half-sister, bring forth claims alleging fraud, pertaining to tribal enrollment of two children of Shirley Haddrell: Tara Marchand and Kenneth Haddrell. Tara and Kenneth were enrolled into the Colville Tribes and Wesley Manuel was listed as their father. Colleen Manual is Wesley Manual’s sister. Appellants allege Shirley Haddrell offered Wesley Manual $100.00 to sign as biological father for Tara and Kenneth so Ms. Haddrell could use his Colville blood to enroll the children.[1]
In this action Appellants are seeking that Wesley Manuel’s blood not be used for enrollment purposes and, among other requests, asked the Tribal Court to order the reduction of the blood degree of the Appellees. Appellees answered the complaint stating the Court previously ruled on the matter under an action brought by these appellants in 2009, ruling on December 28, 2012 that the appellants lacked standing. Appellants filed this latest action on January 8, 2013.
The Tribal Court dismissed this cause of action on January 29, 2013 for lack of standing. A motion for reconsideration was filed February 8, 2013 and denied February 11, 2013. Both the Orders of Dismissal and Reconsideration were denied without notice to counsel upon the Court’s own action.
STANDARD OF REVIEW
The appellate court reviews issues of law de novo. Naff v. CCT, 2 CCAR 50, 2 CTCR 8, 22 Ind.Lw.Rptr 6032 (1995).
The determination of whether the trial court erred in not having a hearing before dismissal is reviewed for an abuse of discretion and/or mixed question of law and fact. CCT v. Stensgar/Signor, 11 CCAR 47, 6 CTCR 09, 40 Ind.Lw.Rptr 6011,11 Am. Tribal Law 143 (2013).
DISCUSSION

Blood Correction

The Colville Tribes, via a limited and specific waiver of sovereign immunity, has enacted a comprehensive code[2] granting jurisdiction to the Colville Tribal Courts to adjudicate issues involving memberships, including blood correction and disenrollment. The Membership Code outlines individuals who have standing to bring enrollment correction actions.
Blood correction and disenrollment are two different actions. Appellants do not seek disenrollment. CTC 8-1-240[3], Blood *171 Correction is before the court. It outlines the procedure for making corrections of all blood degrees presently listed in the roll of the tribes. CTC 8-1-241[4], Standing Parties lists those who have standing as (a) Chairperson of the Business Council, (b) Chief Enrollment Officer, (e) members of the tribes who desire to have their own blood degree listed on the roll of the Tribes corrected, or (d) any person entitled to request a blood degree correction to Amendment IX[5] of the Constitution of the Confederated Tribes.
All parties agree Appellants do not come under (a) or (b). Appellants do not seek to have their own blood degree corrected, thus (c) does not apply either.
Amendment IX, Section 4, does not apply as Appellants do not seek membership themselves (they are already tribal members) nor are they tribal members listed on the 1937 official census of the Tribes seeking to correct their tribal blood quantum. Further, they are not descendants of a tribal member listed on 1937 census seeking to correct or recognize blood previously listed. Appellants seek reduction in blood degree, a remedy not provided under Amendment IX. Amendment IX clearly states that “no tribal member’s blood degree wall be decreased as a result of this Amendment.” Colville Constitution, Art. VII, Section 4.
Further, Amendment IX only allows challenges which result in the recognition of potentially non-Colville blood as “Indian blood of the tribes ...” Colville Constitution, Art. VII, see.4. Amendment IX is to allow individuals who seek an increase in the degree of Indian blood which is deemed Colville blood for purposes of the official 1937 census roll to have a higher degree of Colville blood for enrollment purposes. Courts are to construe tribal laws to effectuate the purpose of the legislation and all the laws previous. CCT 1-1—7(d). For these reasons, Appellants iack standing.
Abuse of Discretion
 The Trial Court did not abuse its discretion by dismissing the complaint without hearing or argument. The Trial *172 Court had before it the complaint with exhibits, a prior Order of Dismissal (not appealed) involving much the same issues as this matter, and responsive pleadings requesting dismissal. Then after dismissing for lack of standing, the Court had before it the Motion for Reconsideration with additional documentation, which it also denied. A review for an abuse of discretion violation requires that the Court of Appeals must find the Trial Court’s actions were manifestly unreasonable, exercised on untenable grounds, or for untenable reasons. Marchand v. CCT, 8 CCAR 18, 4 CTCR 19, 32 Ind.Lw.Rptr. 6102, — Am. Tribal Law --, 2005 WL 6462797 (2005). There is no such showing. It is very clear that the Trial Court reviewed all the documentation and made a reasoned decision.
DECISION
The decision of the Tribal Court to dismiss the complaint for the lack of standing is affirmed. Further, there is no abuse of discretion in dismissing the action without a hearing based upon this record. It is ORDERED that the Trial Court’s February 1, 2013 Order Dismissing the Petition with Prejudice and the February 11, 2013 Order are both affirmed. This matter is remanded to the Trial court for action consistent with this Order.

. Appellants rely on a signed, notarized letter attached to the complaint which is neither an affidavit nor a declaration.

, Law and Order Code, Title 8, Chapter 8.1, Membership,

.The following procedure shall be used in making corrections of all blood degrees presently listed on the roll of the Tribes. This procedure is established to provide for a fair and unbiased examination of all blood degree *171 corrections requested by the Tribes or by any other person.

. The following entities shall have standing to file and prosecute a blood degree correction action: (a) The Chairperson of the Colville Business Council Committee with jurisdiction over enrollment matters; (b) The Chief Enrollment Officer of the Colville Confederated Tribes; (c) Members of the Tribes who desire to have their own blood degree, as listed on the roll of the Tribes, corrected: provided that in this section, "member” shall mean the natural person himself or herself, or the legal guardian of any minor or incompetent member, or the administrator or executor of the unprobated estate of a deceased member listed on the roll of the Tribes; (d) Any person entitled to request blood degree correction pursuant to Amendment Nine (IX) to the Constitution of the Confederated Tribes of the Colville Reservation.

. All Indian blood identified and stated as being possessed by all persons whose names appear as members of the Confederated Tribes of the Colville Reservation on the official census of the Indians of the Colville Reservation of January 1, 1937, shall be considered Indian blood of the Tribes which constitute the Confederated Tribes of the Colville Reservation; (1) Provided, that no tribal members' blood degree will be decreased as a result of this amendment, and (2) Further provided, that pursuant to procedures which shall be adopted by the Colville Business Council, any (a) Applicant for membership; or (b) Tribal member who is listed on the official Census of the Indians of the Colville Reservation of January 1, 1937; or (c) Tribal member descended from a tribal member whose name appears on the official census of the Indians of the Colville Reservation of January 1, 1937, and such Indian blood, when properly authenticated by clear and convincing proof, shall be recognized as blood of the Colville Tribes.